OPINION of the Court, by
Judge Owsley.
The appellee brought his action in the Franklin circuit court to recover of the appellant for the unsoundness of a negro man which he had purchased of the appellant. He charges in his declaration that the appellant, at the time of the sale of said negro, promised and assumed upon himself that said negro was sound ; and he alleges the negro was unsound of an inward decay, of which he af-■terwards died. On the trial of the cause the appellee proved the appellant at the time of the sale assumed said negro was sound. The appellant moved the court to instruct the jury that unless they were satisfied he knew at the time of the affirmation and sale that the negro was unsound, that he was not responsible in this action. The court refused to give the instruction, and a verdict was found against the appellant for 8 420 in damages. The appellant then moved the court for a new trial, on the grounds — -1st, That the court erred in not giving the instruction to the jury asked ; 2d, that the verdict was contrary to law and evidence ; 3d, that the verdict was not supported by any satisfactory evidence : which motion was also overruled by the court, and a new trial refused ; to which opinion of the court , exceptions were filed and the evidence; made a part of the record. The appellant has assigned for error — 1st, That the declaration is insufficient to authorise a legal recovery in the present action, there being no allegation or averment therein that the appellant knew of die alleged unsoundness of the negro in the declaration mentioned at the time of thé alleged representation suggested to' have been made by him of the soundness of said negro. *36 2d, The court erred in overruling the motion of the appellant to instruct the jury as stated. 3d, That the court erred in. overruling the motion for a new trial. As to the first, error assigned, we consider the declaration substantially correct, according to approved precedents, and applies whenever the plaintiff sues for a breach of warranty. The second and third errors we shall consider together, the Second being properly embraced ⅛ the third.
The appellee having declared in assumpsit, he could only make out a legal right to recover, by proving the assumpsit as laid. It is true the seller of property may be made liable either upon the contract or by his fraud, yet the grounds of liability in the two instances are different, and the evidence which will prove the one will not the other. Had the appellee intended to have relied upon the fraud in the sale of the negro, he should have averred and charged the fraud as a substantive allegation in his declaration — 6 John. 141. This not having been done by him he can alone recover upon the promise, and any evidence produced to shew a liability in any other way was inadmissible aad should not have been regarded. The court then certainly decided correctly in refusing to give the instruction to the jury asked. Such a motion could only be correct in an action for the fraud. Whether the appellant knew, or not, •of the unsoundness, is immaterial, if he warranted him /sound.
The, only remaining question to be decided, is, whether the verdict is contrary to law and evidence ? "The only evidence of a promise or warranty produced, was an affirmation by the appellant at the time of the sale of the negro that he was sound. This we think is not sufficient. In the case of Chandler and Lofius it Was adjudged that to sell a stone, affirming it to bea Btzoar stone, which was not a Bezoar stone, without warranting it to be a Bezoar stone, or knowing it not to be such, did hot make the seller liable— Cro. Ja.4— Esp. N- P- 629—1 Com. Dig. 243— Fiz N. B. 214. It is believed no adjudged case can be found where the courts in England have recognized a different rul<. In the case of Sextas and Woods the supreme court of New-York adjudged that to sell Peachum wpod for Biazil-letto wood, did not make the seller liable — -2 Term, *37 Rep. 48. From the§e authorities it appears evident that a bare affirmation does not amount to a warranty ; we would however not be understood that any particular form of words are necessary to make a warranty, but that any words which amount to an undertaking or promise by the seller for the soundness of the property sold, will have that effect. But a majority of this-court think that no such évidence was produced by the appel-lee in this cause, and that the court below therefore erred in not granting a new trial on the ground of the verdict being contrary to évidence.
Judgment reversed and cause remanded for a new trial.