<span style="float:right">*Bennington* July. 1814.

Hoit *vs.* Bradley et al.</span>

---

## HENRY *vs.* HENRY.

In an action on a warranty upon the sale of a horse, if the declaration alledge that the defendant warranted that the horse was not over seven years old, and the proof be that the defendant warranted that the horse was seven years old, the next spring after the sale, it is not a variance between the proof and the declaration.

THIS was an action of *assumpsit*, in which, the plaintiff declared, in substance, that, on the nineteenth day of February, 1811, the plaintiff bought of the defendant, and the defendant sold to the plaintiff, a certain mare for the sum of one hundred dollars, then and there paid by the plaintiff to the defendant ; and that the defendant, on the sale, in consideration thereof promised the plaintiff that said mare was not more than seven years old, and that she was every way sound. And assigned, as a special breach of the promise, that the mare, at the time of the sale, was more than seven years old—that she was nine years old—that she was wind-broken, diseased and unsound; all which the defendant well knew.

<span style="float:right">*Windham,* August. 1814.</span>

On trial to the jury, upon the general issue, the plaintiff offered in evidence, to prove the sale and warranty, a bill of sale of the mare, signed by the defendant, in the following words and figures,

*Windham.*
August
1814

Henry
*vs.*
Henry.

to wit : February 19, 1811.  Joseph Henry bought of Samuel Henry, one dark chesnut mare, seven years old next spring, warranted to be every way sound, received pay.

SAMUEL HENRY.

*C. Marsh,* for the defendant, objected to the evidence, on the ground that the contract in writing, which was produced, varied from the contract stated in the declaration ; for that the declaration stated the promise to be, that the mare was not more than seven years old, whereas by the writing produced, it appears that the contract was, that the mare would be seven years old the next spring after the sale.

*By the Court.*    There is no variance, in substance, between the declaration and the proof, and the plaintiff has not declared on the written instrument.    A promise that the mare would be seven years old the next spring after the sale, is in substance, a promise that she was not *more* than seven years old at the time of the sale.    If it be considered that the warranty contained in the bill of sale, extends to the age of the mare, there is no material variance between the declaration and the evidence.

The evidence was admitted and the jury found a

Verdict for the plaintiff.