The opinion of the Court was delivered by
Duncan J.
In this action, which on the state of the record and charge of the Court, must be considered as an assumpsit on the warranty of a mare, sold by Jackson to Wetherill, and not an action of deceit for a false representation of her qualities, the only question was,, whether evidence that before. Wetherill nad agreed to purchase the mare, Jackson had told him repeatedly he wás sure that she was perfectly safe, kind, and'gentle in harness, and that Wetherill, from this statement, being satisfied as to her safety, purchased her, amounted to a warranty. The Court of Common Pleas were of ■ opinion,'that this communication amounted to a warranty that the mare was perfectly safe, kind,, and gentle in harness.
It seems a principle well settled by the common law, that with regard to the goodness of wares purchased, the vendor *482 is not bound to answer, unb ss he expressly warrant them to ge SOund and good, or there has been a fraudulent representation, an affirmation of a quality known to the vendor to be false. To constitute an express warranty, for there is , -. „ - , . none implied from the mere sale, no set iorm or words is required. The use of the word warrant, though it be the one generally used, is not so technical, that it may not be supplied by other words. But the words used must be tantamount ; they must not be dubious, or equivocal; but it must appear from the whole evidence, that the affirmant intended to warrant, and did not express a mere matter of judgment or opinion. From the time of Chandler v. Lopus, Cro. Jac. 4, to the present day, the doctrine has been, that a bare affirmation of quality will not give a cause of action, unless the vendor knew it was not of the quality he represented it to be, or had warranted it to be so. Jackson might have very truly said, that he was sure she was perfectly gentle in harness, without any deceit. It was an expression, and a pretty strong one, I admit, of his judgment and opinion, and if the contrary were known to him, would give a cause of action very different from warranty, in which it would be incumbent on the defendant in error to prove his knowledge of its falsity, the scienter being theyiíí of the action : whereas in the warranty, the undertaking is. In Seixas & Seixas v. Woods, 2 Caines, 48, it was held, that a description in a bill of parcels of the article as brazilletto wood did not amount to a warranty. An express promise, that a thing shall be of a certain quality, would be equivalent' to warranty, and in that case it may be stated in the declaration as a warranty'; for no declaration could be supported, that did not allege an ex-prés swarranty or fraud. In Holden v Dakin, 4 Johns. 421, where A. sold paint to B. for good Spanish brown and white lead. The paint proved to be bad, and of no value. It was held, there was no warranty in this case, and to make it actionable there must.be either an express warranty or fraud. Peake, in his treatise on evidence, 2d voi. 223, lays down the proposition too broadly; that in general, any representation made by the defendant at the time of the sale of the state ol the thing sold, will amount to a warranty at law. It is believed, there is no decision, which would justify the position, that a bare affirmation without knowledge- of the defects, or that *483 the quality was different frqm. what he affirmed it to.be, would support an action, ! Fonb. 120. Caveat emptor, will apply wi,th more force to the sale of a horse than any other article.; a horse being.more the subject of speculative dealing than almost any chattel, and being more liable to secret maladies, than any other animal, (which maladies are frequently not discernablc oh inspection or mere trial,) it is usual to require from the seller a warranty of soundness as to lateht defects. Dealers in horses do not lay themselves under much restriction in praise of their animals ; but you touch.a tender, point when you propose warranty. The words used, I am sure she is safe, kind, and gentle in harness, do not amount to an express, promise or engagement, that she was so ;- much les? to a direct warranty. It is the caste of a representation/and if made with the knowledge of its falsehood,'would render' the party liable in, an action of deceit, but not in assumpsit on the warranty, ' The judgment is reversed, and a venire facias de novo awarded. . ■ ' '
Judgment reversed, and a venire facias^ de novo awarded.