ALBANY,
January, 1822.

CHAPMAN
v.
MURCH.

CHAPMAN *against* MURCH.

*Though in an action founded on a warranty of the soundness of a chattel by the vendor, it is necessary to prove the warranty, yet it is not necessary for the plaintiff to show that the defendant made the warranty in express words; but any representation of the state of the thing sold, by the defendant, or a direct and express affirmation by him, of its quality and condition, showing his intention to warrant, will be sufficient.*

IN ERROR to the Court of Common Pleas of *Washington* county. *Chapman* brought an action of *assumpsit* against *Murch* in the Court below. The declaration stated, that the defendant, on the 1st of *December*, 1818, in consideration that the plaintiff would deliver to the defendant, a certain horse of the plaintiff, of great value, in exchange for a certain horse of the defendant, the defendant undertook and promised, that the horse of the defendant was then and there sound, &c.; that the plantiff confiding in the said promise of the defendant, delivered to him the said horse of the plaintiff, in exchange for the defendant's horse, &c. Yet the defendant, &c. fraudulently, &c. did not perform or regard his said promise, &c., for that the horse of the defendant was not sound, but, on the contrary was unsound, and had a certain disease, called the yellow water, of which he afterwards, to wit, on the second day of *December*, 1818, died, whereby, &c. The defendant pleaded the general issue, and on the trial of the cause, the plaintiff offered to prove, that the parties exchanged horses; that the plaintiff let the defendant have a horse worth one hundred dollars, in consideration of which the defendant let the plaintiff have another horse, which the defendant, at the time, represented to be sound; that the horse of the defendant, so delivered to him in exchange, was not sound, but that he had the disease, called the yellow water, which rendered him useless and of no value, and that he died the next day. The evidence so offered was objected to by the defendant's counsel, and rejected by the Court, on the ground, that this being an action of *assumpsit* founded on a warranty of the soundness of the horse, the plaintiff, in order to entitle himself to a recovery, was bound to prove an *express warranty*, and that the testimony offered by the plaintiff did not amount to such a warranty. A bill of exceptions was taken to the opinion of the Court, on which the writ of error was brought.

The case was submitted to the Court without argument, on a statement of the points and authorities. *Peake's Evid.* 279. (229.) 3 *Esp. N. P. Rep.* 72. 2 *Esp. N. P. Rep.* 673. 3 *Campb. N. P. Rep.* 556. 2 *Bl. Com.* 451. 3 *Bl. Com.* 166. 1 *Moore,* 109. 10 *Johns. Rep.* 109. 2 *East,* 314. 2 *Caines,* 48. 1 *Johns. Rep.* 274. 4 *Johns. Rep.* 421. 5 *Johns. Rep.* 354.

ALBANY, January, 1822.

CHAPMAN v. MURCH.

SPENCER, Ch. J. delivered the opinion of the Court. In the various cases which have been cited, it appears, abundantly, that when the action is founded on a warranty of the soundness of a chattel sold, a warranty must be proved; but it no where appears, that it is necessary that the vendor should use the express words, that he warranted the soundness. If a man should say, on the sale of a horse, " I promise you the horse is sound," it is difficult to conceive, that this is not a warranty, and an express one too. *Peake (on Evid.* 228.) says, " in an action on a warranty, the plaintiff must prove the sale and warranty." " In general, (he says,) any representation made by the defendant of the state of the thing sold, at the time of the sale, will amount to a warranty." He adds, " but where the defendant refers to any document, or to his belief only, in such cases no action is maintainable, without proof, that he knew he was representing a falsehood." In every action on a warranty, it must be shown that there was an express and direct affirmation of the quality and condition of the thing sold, as contradistinguished from opinion, &c. and when that is made out, it would be an anomaly to require that the word *warrant* should be used. (Any words of equivalent import, showing the intention of the parties, that there should be a warranty, will suffice. In the present case, the plaintiff offered to prove what, under the circumstances, might be an express warranty ; and that was for the consideration of the jury, under the advice of the Court. 2 *Caines,* 56. 3 *Term Rep.* 57. 10 *Johns. Rep.* 481.

The judgment must be reversed, and a *venire de novo* awarded to the Court below.

Judgment reversed.