## DUFFEE *against* MASON.

ON error to the C. P. of Onondaga. Mason sued Duffee before a justice, and declared for a fraud and warranty in the sale of a colt from the latter to the former. The justice gave judgment for Duffee. Mason appealed to the C. P., where he proved that while negotiating the purchase of a colt from Duffee, and after the parties had examined it, he (M.) mentioned something about the colt being poor, to Duffee, who said "there is nothing the matter of the colt; it is well and sound, and will make a fine horse." The words have no technical meaning.

*Words used on the sale of personal property, and insisted on by the vendee as amounting to a warranty, should be submitted to the jury; who are to determine whether they were a warranty, especially where the*

The criterion is the intention and understanding of the parties.

*E. g.* where the vendor said on the sale of a colt, *he is sound, and will make a fine horse:* held, that these words should go to the jury; especially as the vendee had afterwards declared that there was no warranty.

colt proved to have been diseased at *the time. Mason said, after the sale, there was no warranty. The C. P. charged the jury that the words amounted to a warranty, even if neither party so understood them at the time they were spoken. The defendant below excepted. The jury found for the plaintiff below.

*F. G. Jewett*, for the plaintiff in error. The question should have been put to the jury, whether the words were intended as a warranty. (2 Caines, 48 ; 3 T. R. 57 ; Carth. 90 ; Salk. 210 ; 19 John. 290 ; 20 John. 203, per Woodworth, J. 2 Cowen, 438 ; 3 John. 534.)

*D. Ball*, contra, insisted that the words made out a plain case of warranty, about which the jury could not differ ; and the court were justified, therefore, in pronouncing it a warranty. There was no question for the jury, upon this branch of the case.

*Curia, per* SUTHERLAND, J. The court below erred in charging the jury, that the words spoken by Duffee amounted to a warranty, although neither of the parties understood them so at the time. The words used may amount to a warranty, or may be matter of opinion merely ; and it is for the jury to determine, from all the circumstances of the case, how they were understood and intended by the parties in this case.

In *Chapman* v. *Murch*, (19 John. 290,) it is said by Spencer, Ch. J., it is not necessary, to constitute a warranty, that the word *warrant* should be used. Any words of equivalent import, "showing the intention of the parties that there should be a warranty, will suffice." In the present case, he continues, the plaintiff offered to prove what, under the circumstances, might be an express warranty ; and "that was for the consideration of the jury under the advice of the court." In *Swett* v. *Colgate*, (20 John. 203,) Woodworth J., in delivering the opinion of the court, uses nearly the same language. He says there are no particular words prescribed by law, to make out a warranty : but

it is essential that the affirmation made at the time of sale be intended by the parties as a warranty; *and this must appear by evidence. If it does not, the affirmation is considered as matter of mere judgment or opinion. In *Roberts* v. *Morgan*, (2 Cowen, 138,) the plaintiff said he would not exchange horses, unless the defendant would warrant his horse to be sound; to which the defendant answered, "he is sound." The jury found this to be a warranty; and this court, upon *certiorari*, affirmed the judgment. There could be no doubt in that case, that a warranty was intended by the defendant, and so understood by the plaintiff. Savage, C. J., in *The Oneida Manufacturing Co.* v. *Lawrence*, (4 Cowen, 442,) says, in order to constitute a warranty, the representation must be one which the vendee relies on, and which is understood by the parties as an absolute assertion, and not the expression of an opinion. The understanding of the parties to a contract of this nature, where the language used by them has no fixed technical meaning, is a matter for the determination of the jury; and there is much in the case from which the jury might well believe, that neither the vendor nor the vendee, at the time of the sale, supposed there was a warranty. It was proved that the vendee, a short time after, admitted in express terms, that there was no warranty; but expressed a suspicion that there was fraud. The question of warranty or not should have been submitted to the jury.[1]

The judgment must be reversed; and a *venire de novo* issue.

Judgment reversed.

[1] No particular form of words is necessary to constitute a warranty; but an assertion or affirmation concerning the thing sold, to be evidence of a warranty, should be positive and unequivocal—one which the buyer relies on; which is understood by the parties as an absolute assertion, and not the mere expression of an opinion. (4 Cowen, 440; vid. also 3 T. R. 57, 8; 19 John. 290; 20 id. 203, per Woodworth, J; 3 Bibb, 35; 7 Searg. & Rawle, 482, per Duncan, J.) Where an animal is sold by a bill of sale thus: A. sells to B. such an animal, "being sound and free from all disease;" this is not a mere matter of description, but a warranty of soundness. (10 John. 484.) So, where an animal was sold as "about 11 years old, sound and healthy, and I do by these presents further covenant and agree to warrant the right and defend the title of the said animal;" this was held to be

a warranty of soundness. (2 Car. Law Repos. 667.) And an affirmation that a horse is not lame, accompanied by a declaration of the seller that he "would not be afraid to warrant him," is enough to establish a warranty. (13 Wen. 277). And the word "warrant," need not be used—any words of an import equivalent to warrant, are sufficient; and whether what was said amounts to a representation of soundness, or to a mere expression of opinion, belongs to the jury, or a justice sitting in their stead, to determine. (10 id. 411, and vid. 19 John. 290; 8 Cowen, 290; 2 Har. & Gill, 495; 2 Cowen, 138; 3 Rawle, 23, and cases cited *supra*, note (q.) If a man should say, on the sale of a horse, "I promise you the horse is sound," it is difficult to conceive that this is not an express warranty. (Per Spencer, Ch. J., 19 John. 290.) So, if a seller say to the buyer of a horse in the course of dealing, "You may depend upon it, the horse is perfectly quiet and free from vice," this representation amounts to a warranty. (3 Mann, & Ryl. 2.)

The general rule is, that whatever a seller represents at the time of sale is a warranty. If a person, at the time of his selling a horse, say, "I never warrant, but he is sound as far as I know;" this is a qualified warranty, and the purchaser may maintain an action upon it, if he can show that the horse was unsound to the knowledge of the seller. 5 id. 124; 4 Car. & Payne, 45.)

In actions upon a contract of warranty, though it is usual to allege an express and formal promise and undertaking in a declaration, it is not necessary that the proof should literally correspond with what is set out; for any affirmation at the time of the sale, intended as a warranty by the affirmant and relied upon as such by the purchaser, will support the allegation. Thus, where the declaration averred that the defendant undertook that the horse he sold to the plaintiff was quiet, &c.; held, that proof that the defendant said, at the time of sale, "You may depend upon it that the horse is perfectly quiet," &c., will support the averment. (*Cave* v. *Coleman*, 3 Mann. & Ryl. 2; and see *Chapman* v. *Murch*, 19 John. R. 290; *Sweet* v. *Colgate*, 20 John. R. 203; *Bacon* v. *Brown*, 3 Bibb, 35; *Jackson* v. *Witherell*, 7 Serg. & Rawle, 482; *Cramer* v. *Bradshaw*, 10 John. R. 484; *Gilchrist* v. *Mann*, 2 Car. Law Repos. 667; *Erwin* v. *Maxwell*, 2 Murph. 245; *Robers* v. *Morgan*, 2 Cowen's Rep. 438.) And an allegation that the defendant warranted a horse to be not over seven years old sustained in substance by proof of a warranty that he was seven years old the spring next after the sale. (*Henry* v *Henry*, 1 Chip. Rep. 265.)