ALBANY,
Jan. 1835.

Cook
v.
Moseley.

</div>

Motion denied.

---

## COOK *vs.* MOSELEY.

An affirmation that a horse *is not lame,* accompanied by the declaration
of the owner that he would not be afraid to *warrant* him, is enough to
establish a *warranty.*

Although a party who has a claim to damages for breach of a *warranty*
may insist upon such claim in diminution of damages, when sued for
the price of the article warranted, he is not bound to do so; and his
omission to insist upon such defence is no bar to an action subsequent-
ly brought by him for the recovery of damages.

It is not necessary, in a record of judgment in the common pleas, to en-
ter continuances from term to term in a *certiorari* case,

On a writ of error, the judgment of a common pleas in a certiorari case
will not be reversed for the omission of setting forth in the record of
judgment the certiorari issued to the justice; although, according to
correct practice, it should be spread upon the record.

Nor, on a writ of error, can it be objected that the officer who signed the
judgment had no authority to affix his signature to the record.

ERROR from the Oneida common pleas. Moseley sued
Cook in a justice's court, for a breach of *warranty* in the sale
of a horse. The evidence was, that at the time of the sale,
something was said about the horse being lame, when Mose-
ley asked Cook if the mare was lame, who answered that she
*was not lame,* and that he would not be afraid to *warrant* that

ALBANY,
Jan. 1835.

Cook
v.
Moseley.

she was sound every way, as far as he knew. The mare subsequently proved lame, but as to whether she was so at the time of the sale, the evidence was contradictory. In part payment of the mare, Moseley gave his note, on which he was sued by Cook, and which note he paid after suit; which fact was proved on the trial. The justice gave judgment for the plaintiff, and the common pleas of Oneida, on *certiorari,* affirmed the judgment. The defendant sued out a writ of error, and now insists that the judgment below ought to be reversed, because, 1. A *warranty* was not proved, 19 *Com. Law R.* 267; 2. That the plaintiff might and ought to have availed himself, by way of *defence to the suit on the note,* of the matters now set up in support of his action; 3. That in the record of judgment in the common pleas, the *certiorari* issued to the justice is not set forth, the record containing merely the allegation that the return of the justice was made in pursuance of such writ; 4. That there is a *discontinuance* on the record, there being only a general continuance from March, 1832, until June, 1833, when judgment of affirmance was given—which, though allowed in some cases, is not in a case like the present; and 5. That the judgment is signed by a *supreme court commissioner,* who is not authorized to sign judgments in the common pleas. 2 *R. S.* 210, § 16, 17. *id.* 282, § 36, 37.

*W. C. Noyes,* for plaintiff in error.

*W. M. Tallman,* for defendant in error.

*By the Court,* SUTHERLAND, J. Whether what was said by the defendant was intended as a warranty or not, was a question of fact to be decided by the jury, or, in this case, by the justice before whom the cause was tried. The defendant affirmed positively that the mare *was not lame.* It was not the mere expression of an opinion; and he accompanied it by the declaration that he should not be afraid to warrant her. I think enough was said to amount to a warranty. It is not necessary that the term warrant should be used. 19 *Johns. R.* 280, 484. 2 *Cowen,* 484. 10 *Wendell,* 413. The

evidence was contradictory upon the question whether the mare was in fact lame at the time of the sale. There certainly was some evidence to show that she was. This was a pure matter of fact. The justice gave judgment for the plaintiff for $10, and the court of common pleas of Oneida county, upon *certiorari,* affirmed the judgment. We cannot say that there was any error, in point of law, in the decisions of the justice or the common pleas; and their decisions upon questions of fact are not the subject of review upon writ of error. *Whitney* v. *Sutton,* 10 *Wendell,* 411. The declaration, I think, was obviously intended to be upon a warranty.

2. The former suit, brought by Cook against Moseley for a part of the price of the mare, was no bar to this suit. Moseley could not have set off his damages for a breach of the warranty in that action. The amount was not liquidated, or capable of being ascertained by calculation, 2 *R. S.* 234, § 50, *sub.* 3; and those demands only are barred which might have been set off, 2 *R. S.* 236, § 57. Conceding that the breach of warranty or fraud might have been given in evidence in the former suit in diminution of damages, the party was not bound to do it, not was he prejudiced by the omission. *Read* v. *M'Alister,* 8 *Wendell,* 115.

3. It would have been more technical and formal to have set out the *certiorari* in the record, instead of reciting the fact that the cause had been removed by certiorari into the court of common pleas; but it is not a substantial objection, and may therefore be disregarded.

The statute, 2 *R. S.* 210, § 16, is applicable to a case like this, and dispenses with the necessity of entering continuances upon the record from term to term.

As to the signing of the record : if the officer signing it had not authority, the defendant should have moved to set it aside. 2 *R. S.* 282, § 35, 37. There is no foundation for the writ of error, if the record is not signed by a competent officer. It is not a question to be entertained and decided on error.

<div align="right">Judgment affirmed.</div>