LITTLE
ROCK,
Jan'y 1838.

POPE, gov.
use of
REED,
vs.
LATHAM
and others.

POPE, GOVERNOR, USE OF REED, *against* LATHAM AND OTHERS.

APPEAL *from Clark Circuit Court.*

There is no difference, in this Court, between cases on appeal and on writ of error. They stand upon the same footing and must be governed by the same rule of proceeding.

In either, the whole record is open for re-examination and revision, and the party injured has the full benefit of all and every objection and exceptions, that would have availed him in the Court below, though not formally made or taken there; *provided*, it be not waived by the pleadings, cured by the Statute of jeofails, or aided by verdict.

Where a motion in arrest of judgment, and for a new trial are filed at the same time, it makes no difference which is first decided in the court below.

When the plea is *non est factum*, generally, the proof lies on the plaintiff; but when a special *non est factum* is pleaded, it devolves upon the defendant.

To prove that the Sheriff's bond was not approved by the County Court, does not support the affirmative allegation that the bond was delivered as an escrow till it should be approved; and such proof cannot be admitted.

Where the defendant, who takes upon himself the burden of proof, fails to prove the issue, a new trial will be granted; and if refused it is error.

A plea denying the execution of the deed, and a plea admitting the execution, but averring that the conditions have not been broken, cannot be pleaded together.

Where there are two issues, material, inconsistent, and contradictory, no valid judgment can be given upon them.

A bond delivered to the obligee, cannot be an *escrow*.

A Sheriff's bond, delivered to the Clerk of the County Court, is the same as if delivered to the obligee, and cannot be an *escrow*.

This was an action of debt, brought in the Clark Circuit Court, by the plaintiff, against *Joseph Butler*, a nonresident, as principal, and *Latham and others*, as his securities on *Butler's* bond as Sheriff, to the March term, 1831. No breaches were assigned in the declaration. Upon general demurrer the declaration was adjudged insufficient, and an amended declaration filed at March term, 1831; to which the defendants specially demurred, at September term, 1831, and their demurrer being overruled, they pleaded, first, a special plea of *non est factum*, and second, a general plea of conditions performed. The plaintiff demurred to the first plea, and filed his replication, assigning breaches, to wit, that *Butler* had collected the amount of two executions, and failed to pay over the same; to the second, to which replication there was a rejoinder, that he did not collect the money, and issue. The demurrer to the first plea being sustained, the defendants, by leave, filed their amended first plea, the plaintiff's objection to its filing being overruled by the court. The plaintiff then demurred to the first plea, as amended, and the demurrer being over-

I

ruled, issue was taken on it.   The plea, as amended, sets up the facts, that the bond was executed by the defendants and *Butler*, as the official bond of *Butler*, and by the defendants delivered to one *Isaac Ward*, (who was the Clerk of the county,) as an *escrow*, on the special condition that if it was approved by the next County Court thereafter, it should stand and be in full force; and that it was not approved, and therefore is not their deed.

<em>LITTLE ROCK,</em> Jan'y 1838.<br>POPE, Gov. use of REED, <em>vs.</em> LATHAM. and others.

Under this state of pleadings the parties went to trial, and a general verdict of finding "for the defendants" was rendered by the jury—and judgment for costs accordingly.

On the 30th of March, 1832, the plaintiff filed in writing his motions for a new trial and an arrest of judgment; in mentioning which upon the record, the motion in arrest of judgment is first named. Both motions were taken under advisement.   At the Oct. term, 1832, the motion in arrest of judgment was overruled; and at April term, 1833, the motion for a new trial was also overruled.   The plaintiff then tendered his bill of exceptions, which was made a part of the record, and is as follows: That on the trial, the plaintiff produced and offered to read in evidence the bond declared on, and offered to prove the execution thereof by witnesses: That *Hubbard*, a witness, proved that he was present at the clerk's office when *Butler* and the defendants signed and sealed the bond; that he saw each of them sign, seal and deliver it to the Clerk; and that nothing was said by either of them as to its being by them delivered conditionally, and to be their deed upon the approval or disapproval of the County Court; but that it was delivered as *Butler's* official bond; that the Judge of the County Court was present, and it was stated that he had come there for the purpose of swearing *Butler* as Sheriff, and approving his security: that he did then and there verbally express his approval of the security as sufficient, and swore *Butler* in as Sheriff: that *Ward*, a witness, proved that at the time of the date of the bond he was Clerk of the circuit and county courts of Clark county; that *Butler* and the defendants, as his securities, respectively, in his presence, signed and sealed the bond, and delivered it to him, *Ward*, by leaving it as the official bond of *Butler*; and that neither of them said any thing about its being delivered as an *escrow*, and to be their deed upon the approval or disapproval of the County Court; but that it was delivered as *Butler's* official bond: that the Judge of the County Court was present, approved the security, and swore *Butler* in as stated by *Hub-*

LITTLE
ROCK,
Jan'y 1838.

POPE, gov.
use of
REED,
*vs.*
LATHAM,
and others.

bard: that the bond was presented to the County Court, at the subse-quent term, for approval; and that there was no record of its disapproval: that the plaintiff then produced and read in evidence, two executions mentioned in the replication, with *Butler's* endorsment thereon that they had been fully satisfied; and proved *Butler's* hand writing to the endorsment: that *Moore*, county Judge, a witness for plaintiff, proved the same facts as *Hubbard* and *Ward;* and that he never did, as coun-ty Judge, approve the bond: that the plaintiff objected to his stating whether the bond was approved or disapproved by the County Court, which objection was sustained: that the defendants then read the record of the County Court, and there was on said record no entry of the approval or disapproval of the bond: that the plaintiff excepted to the opinions of the court, refusing to exclude, and allowing the oral testimony of *Ward* to establish the disapproval of the bond by the County Court, and overruling the motion for a new trial.

The appellant assigned for error, that the court erred,

1st, In the leave given by the court below to file the amended plea of special *non est factum*, after demurrer sustained to the plea of spe-cial *non est factum* first pleaded.

2d, In overruling the demurrer to said amended plea of special *non est factum*.

3d, There were *two* issues joined, and the jury were sworn to try "the *issue* joined."

4th, The admission of the parole evidence objected to.

5th, That the verdict is *general* for the defendant.

6th, Overruling the motion in arrest of judgment.

7th, Overruling the motion for a new trial.

8th, Judgment for the appellees, when it should have been for the appellants.

9th, The issue on the plea of special *non est factum*, is immaterial.

TRAPNALL and COCKE, for the appellant: The points upon which the appellant principally rely are, first, That the court below should have granted the motion in arrest of judgment, inasmuch as the ver-dict of the jury did not respond to the issues joined. The first plea denies altogether the execution of the bond. The other admits that the bond was duly executed, but denies that its conditions were ever broken. The verdict is in terms so general and indefinite as to ren-der it impossible to say to which one of these issues the jury intended

it should be applied.  It cannot apply to both, as the matter set up LITTLE ROCK,
in the first is directly repugnant to that alleged in the second.   The Jan'y 1838.
jury should have found separately upon each.   A vague and general POPE, gov:
finding, such as we have in this case, cannot satisfy both issues.   In use of REED,
support of this position we refer to the following authorities:  *Tidd's* vs.<br>LATHAM,
*Practice*, vol. 2, p. 831;  6th *Comyns' Digest*, 245;  4th *Peters' Cond.* and others:
*Rep.* 98, *Patterson* vs. *The United States;*  4th *Johns.* 213, *Van Ben-*
*thuysen and another* vs. *De Witt and others*;  4th *Munford*, 492, *Brown*,
*executor of Jones*, vs. *Henderson;*  401, *Fenwick* vs. *Logan;*  and *Mis-*
*souri Rep.* 422, *Easton* vs. *Collier.*

It is of the very first importance to the rights of the appellant that
the jury should have declared with certainty to which of those issues
they intended their verdict to apply.   A finding for the defendants
upon either, would have released the securities from responsibility;
but the consequences to the appellant would be materially different.
Even if it be found that this bond was delivered as an escrow, and that
the contingency upon which it was to become absolute as the deed
of the parties, never happened, it would free the securities from
liability without affecting *Reed's* right of action, hereafter, against
*Butler.*   If, however, the jury meant to find that the bond was duly
executed, and that its conditions were faithfully complied with, it
settles the whole question, and *Reed* would be forever barred from
obtaining a recovery against *Butler.* _ For this reason the verdict
should have been more direct and explicit.

It may be, also, of the first importance to the interest of other per-
sons in the community, that the jury should in this instance have given
a direct and specific response to each issue.   According to the well
settled principles of the common law, when a bond has been sued on
and the plea is *non est factum*, and judgment for defendant, the ques-
tion as to its validity is forever settled.   The decision is not only
binding upon the actual parties to the suit, but it concludes all others
from maintaining an action on the bond.   If, then, the Sheriff's bond
in this case shall be declared an escrow, it not only defeats this suit of
*Reed's*, but every other person in the community who might have a
cause of action against the Sheriff would be barred from proceeding
upon it against his securities.   If the jury, however, merely meant,
when they say in general terms " we of the jury find for the defend-
ants," that the conditions of the bond were never broken, then,
although *Reed* might fail in this particular action, yet the validity of

LITTLE
ROCK,
Jan'y 1838.

'OPE, gov.
use of
REED,
vs.
LATHAM,
and others.

the bond would not be impeached, and the Sheriff and his securities might be held responsible for any breach of its conditions.

Since, then, the consequences of a finding upon one issue are so important and so materially different from those which flow from a finding upon the other, the jury should have defined with certainty the one to which they intended their verdict to apply. They have not done so. The verdict is ambiguous and uncertain; and the court below ought, for this reason, to have arrested the judgment. The counsel for the appellant further contend that inasmnch as the bond was delivered to the Clerk, who was the officer appointed by law to accept it, it could by no form of words be made an escrow, for it is essential to the nature of an escrow, that it should be delivered to a stranger. If it be delivered to the party himself, or to his agent authorized to receive it for him, the delivery is absolute, the deed takes effect as his deed, and the party to whom it is made is not bound to perform the conditions. 1st *Sheppard's Touchstone*, 58, 59. Even if the jury had found that this bond was an escrow, their verdict should have been set aside and judgment entered for us *non obstante veredicto*.

The appellees having put in a special plea of *non est factum*, the burden of proving the facts in support of the plea, necessarily devolved upon them. This, the court will perceive by a reference to the bill of exceptions, they utterly failed to do. True, it does not appear from the records of the County Court whether this bond was approved or rejected. But such testimony is mere negative evidence, and clearly cannot be competent to support an affirmative plea. See 2d *Harris' Entries* 53.

But admit, for the sake of the argument, that the County Court never did approve the bond, still it would not be void; it would be good as a common law obligation. 2 *Littell*, 305, *Stevenson* vs. *Miller;* 4 *Littell*, 235, *Cobb* vs. *Curts*.

The bill of exceptions shows that the verdict was palpably against evidence. Appellant proved by the Sheriff's own endorsement that he had received the money, and no countervailing evidence was adduced on the part of the appellees. The witnesses called by the defendants below to prove the delivery of the bond as an escrow, show conclusively that the delivery was absolute and unconditional. The court should therefore have awarded a new trial.

HALL, *contra*, referred to 1st *Chitty's Pl.* 479, that the deed was delivered as an escrow may be pleaded. That *non est factum* and *conditions performed* may be pleaded together: See *Story's Pl.* 248; 2 *Str.* 908; 3 *Pick.* 388.

That a statute bond must conform to the statute: See same authorities.

The demurrer to the plea of *non est factum* cannot be revised by this court. 3 *Marshall*, 56.

LACY, *Judge*, delivered the opinion of the court: This was an action of debt brought by the plaintiff below, in Clark Circuit Court, against the defendants, as sureties on a Sheriff's bond. As the case now appears before us, we deem it unnecessary to notice several steps that were taken in the early stage of the proceedings. At the March term of the Circuit Court the plaintiff filed an amended declaration, to which the defendants demurred. The demurrer was overruled and they obtained leave to plead over to the action. Their first plea was a special *non est factum*, and their second the plea of conditions performed. The plaintiff put in a replication to the second plea, assigning the breaches upon the bond; to which there was a rejoinder by the defendants, and issue. The plaintiff demurred to the first plea, and the demurrer was sustained. The defendants had leave to plead over, and they tendered another special plea of *non est factum*, or rather an amendment to their first plea. The plaintiff objected to the filing of the plea, but the court overruled the objection and permitted the plea to be filed. He then demurred to it, and the demurrer was overruled, and issue was then taken on the plea. Under this state of pleadings the parties went to trial, and a general verdict was found for the defendants. The plaintiff then moved the court for a new trial, and in arrest of judgment, and the motions were taken under advisement and continued until the October term of 1832, when the motion in arrest of judgment was overruled; and at the April term, 1833, the motion for a new trial was also overruled. The plaintiff then tendered a bill of exceptions which is made part of the record; and appealed from the judgment of the court below.

Before entering into an examination of the questions presented for our consideration in this case, it may not be amiss to state the rule of practice that this court will adopt in all cases coming before it for

LITTLE ROCK, Jan'y 1838.

POPE, gov. use of REED, vs. LATHAM, and others.

LITTLE ROCK,
Jan'y 1838.

POPE, gov.
use of
REED,
vs.
LATHAM,
and others.

revision or correction by appeal or upon writs of error. It is evident that there is no difference between the two classes of cases, and that they stand upon the same footing and must be governed by the same rule of proceeding. The principle may now be considered conclusively settled upon reason and authority, that on all appeals or writs of error from an inferior to a superior jurisdiction, the whole record is open for re-examination and revision, and that the party injured shall have full benefit of all and every objection and exception that would have availed him upon the proceedings in the court below, though not formally made or taken at the time of the trial; provided the error, defect, imperfection, or omission, be not waived by the pleadings, cured by the statute of amendment and Jeofails, or aided by verdict. This is believed to be the uniform rule of practice in all supreme or appellate courts, and in strict conformity with our own statutory provisions on the subject. See 2 *Starkie,* 430; 2 *Tidd,* 290; 5 *Johnson's C. C.* 489; *Dugan* vs. *Cureton, Ante page* 31; *Acts of the Legislature,* 1836, p. 133, sec. 15.

It is first necessary, before we examine the main questions arising upon the assignment of errors, to dispose of a preliminary objection made and insisted on in behalf of the defendants. It is said that a party shall not have a motion for a new trial after he has first moved in arrest of judgment, and that has been decided against him by the court. We do not mean to question the rule or its authority, but it can have no application in the present case. He did not file his motion in arrest of judgment first, and when that was adjudged against him, come in with his motion for a new trial. Both motions were submitted by him at the same time, and in proper order, but the court decided them at different periods, and irregularly; overruling the the motion in arrest of judgment first, and the motion for a new trial afterwards. He was certainly entitled to the benefit of both motions, for he filed them rightly, and as he never afterwards waived the privilege of either, consequently the irregularity in the proceedings, which was entirely the action of the court, cannot prejudge his right or deprive him of his advantage, when he has been guilty of no neglect or any mispleading. He cannot be held responsible for the errors or irregularities of the proceedings of the court over which he could exercise no control, or in any way direct. The objection then is not well founded. See 1 *Salk.* 647; 1 *Burr,* 334; 2 *Tidd,* 831; 3 *Burr,* 1692.

We will now in inquire whether the court erred in overruling the LITTLE ROCK, Jan'y 1838.

POPE, gov. use of REED, vs. LATHAM, and others. motion for a new trial, and also the motion in arrest of judgment. The defendants relied on two pleas in bar of the plaintiff's action. The issue found by both, were affirmative in their nature and character; and the whole burden of proof necessarily devolved on the defendants. When the plea is *non est factum*, generally, the proof lies on the plaintiff; but when the plea shows that the deed is void, for special matter, the issue is on the defendant. See 2 *Strange*, 482; 6 *Mod.* 218; *Com. Dig. Pl.* 2, (*w.*) 18.

The special plea of *non est factum*, put in issue the execution of the deed, and its continuance as such at the time of the plea; and negative evidence, or rather the absence of all evidence, that the bond of the Sheriff was not approved or accepted by the County Court, certainly does not support the affirmative allegation or issue. So far as it could be considered evidence in the cause, it would go expressly to disprove the plea. The court then erred in permitting the minutes of the County Court to be read as evidence to raise a negative presumption, when the party was bound to prove an affirmative fact. There is also manifest error in receiving the oral or verbal statement of witnesses in relation to the acceptance or rejection of the Sheriff's bond by the County Court, when that fact, if it existed at all, could only be verified by the record itself. This principle is too clear and self-evident to require either comment or authority to sustain it.

In relation to the second plea, of *conditions performed*, the defendants are in no better condition. The bill of exceptions contains all the evidence given on the trial, and there is not the shadow of proof adduced in support of the plea. It is expressly disproved by their own witnesses, and that too, affirmatively. Besides, the plaintiff produced two executions which came to the hands of the Sheriff, and they showed that he had collected the money upon them and failed to pay it over. Consequently, both he and his sureties are liable; and these facts unquestionably disprove the defendant's plea of *conditions performed.* It follows from these conclusions, that the court erred in not setting aside the verdict and awarding a new trial; for it is a well established principle, and one that cannot be controverted, that where the defendants take upon themselves the burden of proof, and fail to prove the issue, a new trial will be granted. See *Steph. on Pl.* p. 123; 1 *Burr*, 393 to 398; 3 *Bibb*, 25, *Bacon vs. Brown; Ditto* 224. The court erred in not arresting the judgment.

J

LITTLE
ROCK,
Jan'y 1838.

POPE, gov.
use of
REED,
vs.
LATHAM,
and others.

The defendant's special plea of *non est factum*, denies the execu-tion of the deed, and their plea of *conditions performed*, admits its execution, and affirms that their covenant has not been broken, but kept and performed according to the conditions of the bond.   There is, then a manifest absurdity and contradiction of the issues made up by the two pleas, and the existence of one fact presupposes the non-existence of the other; and the question has been repeatedly deter-mined, and that by the best authorities, that when there are two issues, materially inconsistent and contradictory of each other, no valid judgment can be pronounced upon them.   See 2 *Tidd*, 831; 6 *Com. Dig.* 245; 2 *Peters' Con. Rep.* 98, 102; 4 *Johnson*, 213.

We are not prepared to admit that the special plea of *non est fac-tum*, if it even had been established by legal or competent proof, would form a good bar to the plaintiff's action.   The case of *Pauld-ing, et al* vs. *the United States*, simply decides this question, that a bond may be delivered as an escrow, to one of the obligors; which does not in the slightest degree counteract the general doctrine on the subject.   A bond cannot be delivered to an obligee as an escrow. The moment such a delivery is made, the deed, to all intents and purposes, becomes absolute and unconditional; and the parties are bound by it.   In the case now before the court, the delivery of the Sheriff's deed was to the Clerk of the County Court, who, if not strict-ly an obligee, received it for the obligee, which is the same thing; and consequently the bond of the Sheriff could not become an escrow, and he and his sureties are liable upon it.   The statute requires that before a sheriff shall enter upon the discharge of his duties, he shall give bond with good and sufficient security to the Governor, and his successors in office, to be approved or accepted by the County Court; which clearly shows that when he has executed the bond, with his sureties, neither he nor they are released from any previous liabilities though the County Court should refuse to receive or accept the bond. If these positions be true, then the special plea of *non est factum*, as pleaded by the defendants in the record, can form no bar to the plain-tiff's action.   2 *Starkie*, 477; *Cro. Jac.* 85, 86; *Shep. Touchstone*, 58; *Coke on Lit.* 36, (*a*); 2 *Peters' Cond. Rep.* 277.

The judgment of the court below must therefore be reversed, the cause remanded, to be proceeded in conformably to this opinion; and the appellant have judgment against the appellees for his costs in this court expended.

And at the same term, HALL, for the appellees, filed the following motion and argument for a re-hearing in this case:

In the decision of this case the court has been pleased to inform the plaintiffs and their counsel, that the appellants' motion for a new trial was made in proper order, and that the decision of the motion in arrest of judgment, first, was an irregularity in the court.

We are constrained to ask the court to re-consider the opinion in this particular. The only part of the record returned in this case which relates to the order in which these motions were filed, is in the following words, to wit:

"And afterwards, to wit, at the same court, continued and held as "aforesaid, before the same judge, on the 30th day of March, 1830, "the following proceedings were had in said cause, and entered on "the record of said court, viz: *John Pope, Governor of the Territory* "*of Arkansas, for the use of Thomas Reed,* vs. *Mastin Latham, Robert* "*Frier, and Silas McDaniel, impleaded with Joseph Butler, defendants.* "This day came the parties aforesaid, by their attorneys, and the "plaintiff filed his motion in arrest of judgment, and also his motion "for a new trial in this case; whereupon it is ordered that this cause "be continued until the next term of this court."

The record shows that these motions were argued and decided at subsequent terms of the court, precisely in the order in which they were filed. Both these motions, as appears by the copies of them returned by the clerk, correspond in date with the above entry. According to LORD COKE, pleadings must not only be interposed in apt time, but in due order; the *quando et quomodo* must appear: that is, the record must show that the pleas were filed, not only in apt time, but in due order. It cannot be contended that the fact of the clerk having copied the motion for a new trial first, in the transcript, makes any difference. He has given true copies of both motions, and has given a true copy of the record of the filing thereof. The defendants also insist that the argument of the motion in arrest, first, was in itself a waiver of the motion for a new trial, provided it had been first filed; and if the court had arbitrarily ruled him to argue his motion in arrest first, he should have taken his bill of exceptions. The court has obviously considered the copies as given by the clerk, as evidence of the order in which these motions were filed. Whereas, the entries from the record, as transcribed, show their order and their relation to each other. The fact that he did not wait until the

LITTLE
ROCK,
Jan'y 1838.

POPE, gov.
use of
REED,
vs.
LATHAM
and others.

motion for the arrest of judgment was overruled, can make no differ-
ence. If he interposed his motion in arrest, as he obviously did, first,
he cannot afterwards file a motion for a new trial. *Fiat, justicia,
ruat cœlum!* Two several transcripts of this case have been certified
to this court, and both of them show that the motion in arrest was
interposed first. It was admitted in the argument; but it was alleged
to be a clerical misprision; and we offered to call in the Judge who
tried the case, and set it right; they replied, "*Timeo Danaos et Dona
Ferentes;*" and all then considered this matter as settled. If it could
be considered doubtful, this court, knowing, as they certainly do, that
the fact is recorded differently in the Circuit Court, would order it to
be certified correctly. This court has also decided that the Circuit
Court erred in not arresting the judgment; and the reason given is,
that the defendant's pleas are contradictory and inconsistent. By the
Statute of Arkansas, (see *Digest*, p. 321, sec. 22,) the plaintiff in re-
plevin, and the defendant in all other actions, may plead as many
pleas, either of law or fact, as he may think proper: and this statute
gives the right to be exercised at the will and pleasure of the defend-
ant, without regard to the opinion of the Circuit Court, or any other
person whatever; and the authority cited by the court from 4th *John-
son's Reports*, 213, is a case in point. This was an action on a bond,
and a general plea of *non est factum*, and a plea of *performance of con-
ditions*, were interposed, and the court not only sustained the pleas,
contradictory as they were, but they set aside the verdict against the
defendant, because it did not find both the issues against him. As
to the right to plead double, see 1st *Chitty*, p. 540, 1, 2, &c. If there
is any authority against it, they are cases adjudged at the common
law, or where the statute requires the leave of the court to be first
had and obtained; and I doubt whether any court, at this day, would
refuse leave to plead double. However, we are gratified that the
philosophy and liberality of our laws, has absolved us from consulting
any authority but our own will. This court has said that they are
not prepared to admit that the special plea of *non est factum*, if it
had even been established by legal and competent proof, would form
a good bar to the plaintiff's action: and the reasons given are, that
a bond cannot be delivered to an obligee as an escrow. In answer
to which, I beg leave to suggest that if that plea was sustained by
legal and competent proof, it would show a delivery of the deed to
one *Isaac Ward*, and not to the obligee, or any of his agents: nor is

there any plea in this case showing a delivery to the clerk. Indeed, sir, this plea has stood the test of the most technical rules of special pleading, before the ablest Judges in Arkansas,—and was found to be certain, to a certain intent, in every particular. This, sir, shows a delivery of the deed upon a condition, not only lawful, but laudable; with a proper commencement and conclusion. No matter *dehors* the record can be a ground for arrest of judgment; and if it was proved upon the trial that it was delivered to the clerk as such, which these defendants do not admit, yet it would form no ground for arresting the judgment, whatever ground it might afford for a new trial; for no extraneous matter can afford any ground for arrest of judgment. And how the court could conceive that the defendant's plea is bad, containing an averment of a delivery to the clerk, when no such allegation is found in the plea, is to these defendants inexplicable; and how the court come to the conclusion that the plea, as pleaded by the defendants, could form no bar to the plaintiff's action, is equally inexplicable: and the authority cited by the court from *Starkie, Cro. Jac., Sheppard, Coke on Lit.,* and *Peters' Cond. Reports,* all show that this plea is pleaded according to the most technical rules. And I have concluded that the court meant to say, not that the plea, as pleaded, was bad, but that the proof adduced on the trial was not sufficient to sustain or establish the plea, as pleaded.

The court seems to suppose that the defendants held the affirmative, and were bound to prove the rejection of the bond; whereas, there is no such condition set forth in the plea; the condition stated in the plea is, that if the bond should be accepted and approved, it was to be absolute. And if not accepted and approved, to be void: whether tendered and accepted or approved, is a matter in *pais,* which is to be proved by the best evidence the nature of the case admits of. It does not differ in principle from any other agreement. If I deliver a bond to A, upon the special condition that he tender it to you for a precedent debt, and to be my deed on condition that it be accepted in payment of such precedent debt, and if not to be cancelled; here it is clear that all these facts may be proved by the witness to the contract in the principal case. The court are required to keep a record of what they do, but they are not bound to keep a record of what they do not do. Here the condition was, that the court should accept and approve, which it alleged they did not do; and how is it to be proved, *quod non apparentibus et non existentibus*

*eadem est ratio;* and it is sufficient to show either by witness or by the record, that there is no such approval.    But suppose I am mistaken, and suppose, for the sake of argument, that this motion for a new trial is still open for investigation, the utmost that the court can do, is to do what the court below ought to have done: that is, to grant a new trial to the plaintiffs upon the payment of costs.    Whereas, the court has given judgment against the defendants, for all the costs in this Court and in the Circuit Court.    The defendants insist that the costs of this court only, can attach to this appeal; and the other costs should await the event of the suit in the court below.    The defendants also insist that if this judgment is reversed, it should be reversed back to the first default in pleading; there is no profert made of the supposed bond, or copy thereof, and the objection was taken on special demurrer and the point reserved.

The defendants also insist that this contract, if binding at all, is good only as a common law obligation, being payable to W. S. FULTON, *Secretary, &c.*, and therefore cannot be sued in the name of the Governor.

But the court overruled the motion for a rehearing.