HENRY A. WARREN and another *v.* JACOB J. VAN PELT.

On an executory contract for the sale and delivery of goods of a particular description and quality, to be furnished and delivered at a future day—the same not being present or subject to inspection—if the goods are subsequently delivered, and are accepted by the purchaser, and he, after knowledge that they do not answer the description or quality bargained for, continues to use them, without returning or offering to return the goods; such acts of the purchaser amount to an affirmance of the contract, and an acceptance of the goods and performance of the contract, in such a sense, that in an action for the price, the purchaser cannot show the defects in the goods, to defeat a recovery, or to reduce the price.

But if the representations regarding the description and quality, amount to an express warranty; the purchaser may keep the goods, and in an action for the price, recoup the damages sustained by the breach thereof.

THIS action came up for review, upon an appeal by the defendant from a judgment rendered against him for the price of certain oil, purchased by him for use upon machinery. The circumstances of the sale, and the questions arising thereon, appear distinctly in the opinion.

*John D. Sherwood,* for the defendant, cited *Chapman* v. *Murch,* 19 Johns. 290; *Roberts* v. *Morgan,* 2 Cow. 438; *Oneida Manufacturing Company* v. *Lawrence,* 4 id. 440; *Whitney* v. *Sutton,* 10 Wend. 412; *Cook* v. *Mosely,* 13 id. 277; *Brecker* v. *Vrooman,* 13 Johns. 302; *Runyon* v. *Nichols,* 11 id. 548; *Sill* v. *Rood,* 15 id. 230; *Cary* v. *Hotaling,* 1 Hill, 311; *Boorman* v. *Jenkins,* 12 Wend. 566; *Waring* v. *Mason,* 18 Wend. 425.

*Roswell C. Brainard* and *Edwin T. Rice,* for the plaintiffs, cited *Whitney* v. *Sutton,* 10 Wend. 412; *Cook* v. *Mosely,* 13 Wend. 277; *Seixas* v. *Wood,* 2 Caines, 48; *Duffee* v. *Mason,* 8 Cow. 25; *Easton* v. *Smith,* 1 E. D. Smith, 318; *Swett* v. *Colgate,* 20 Johns. 196; *Ruddeson* v. *Huntington,* 3 Sand.

S. C. R. 252; *Moses* v. *Mead*, 1 Denio, 378; *Hargous* v. *Stone*, 1 Seld. 73; *Harris* v. *Lawrence*, 4 Comst. 345; *Franklin* v. *Osgood*, 14 Johns. 527; *Palmer* v. *Lorillard*, 16 id. 348; *Beekman* v. *Frost*, 18 id. 544; *Waller* v. *Harris*, 20 Wend. 555.

By THE COURT. WOODRUFF, J.—The defendant, being in the use of machinery, was called upon by the agent of the plaintiffs, who represented to him that he was selling oil for the plaintiffs; that " it was a new oil ;" that he " was trying to get it into use ;" that "it was machinery oil ;" that "it was calculated" (suited) "for machinery ;" that " it was more durable than ordinary lard oil." The price being named, the defendant, by his engineer, gave the agent an order for oil, and, in pursuance of such order, the plaintiffs delivered one barrel of oil; and have now brought their action to recover the price.

The defendant, on the trial, offered to prove that the oil delivered was not machinery oil, and that it was wholly val-. ueless as machinery oil, and injured the defendant's machinery to an amount exceeding the price at which it was sold. The evidence was rejected by the justice on the trial, upon the ground that the sale was without warranty.

It should be further stated, that the defendant kept the oil, and used more than one half, i. e., over 20 gallons of it; and, also, that the oil was not present nor subject to inspection at the time the representations were made and the order given, nor until it was actually delivered to the defendant.

In regard to the facts above recited, there was no conflicting evidence, nor any dispute on the trial. I think that the defendant cannot successfully claim that the evidence offered ought to have been received and his defence sustained, upon the ground that the contract of purchase was executory, and called for the delivery of oil of a particular kind or quality, and that the oil delivered did not answer the description. If this was the character of the contract, and this was all, the defendant has, I think, by accepting and using the oil, as-

sented to the performance and affirmed the contract. There being no evidence in the case, and none being offered, which would warrant the inference of fraud on the part of the plaintiffs, the defendant's only remedy in this aspect of the case was to refuse to accept the oil when delivered, or to rescind the contract and return, or offer to return, the oil, or give notice to the plaintiffs to take it back, so soon as he discovered, or by reasonable diligence might have discovered, that it did not answer the description; and the proof on the defendant's part showed that the quality of the oil and its suitableness or unsuitableness were discovered very soon—certainly within three weeks; and yet the defendant continued to use it, and has never returned or offered to return it, nor notified the plaintiffs of any dissatisfaction therewith until the suit was brought and the defendant's answer was put in. It is now too late to defeat the sale upon the ground above suggested. (See opinion in *Hart* v. *Wright,* 17 Wend. 277; *Howard* v. *Hoey,* 23 ib. 351; *Hargous* v. *Stone,* 1 Seld. 92; Story on Sales, § 405, and cases cited.) Though I doubt very much the remark in Story, that the vendee in such case may keep the goods, and that without notice, and yet claim an abatement from the agreed price. The contract of sale is binding, or it is not; and if there be neither fraud nor warranty, the vendee must affirm or rescind it altogether.

The only ground, therefore, upon which the evidence offered was admissible is, that the representations of the agent amounted to an express warranty of the kind and quality of the article; for if there was such warranty, the plaintiff was not bound to return the oil, but might either sue for damages for a breach of the warranty, or, when sued for the price, recoup such damages in abatement of the plaintiffs' claim. (*Reab* v. *McAllister,* 8 Wend. 109; *Batterman* v. *Pierce,* 3 Hill, 171; *Boorman* v. *Johnson,* 12 Wend. 566; *Waring* v. *Mason,* 18 Wend. 425.) Not, I apprehend, for all the injury his machinery may have sustained by the voluntary and continued use of the oil, after its quality had been tested, but at least the difference between its actual

value and its value, had it proved to correspond with the warranty.

The justice below has declared, in the return, as a reason for his ruling, that there was no warranty. Upon a conflict of testimony, or where the determination of the question depended upon the credibility of witnesses whose truth or accuracy was questioned, we should not feel at liberty to interfere with his conclusions; and in general we regard the finding of the court below upon mere questions of fact, if there is any evidence to sustain it, as conclusive.

Here there is no dispute in regard to the transaction. What was said and what was done are not in controversy.

The representations were made to induce the defendant to purchase. The article being new, he had no knowledge or means of knowledge respecting the article offered for sale. He relied, and was known to the plaintiff's agent to rely, upon his statement. The representations were unqualified affirmations of fact, as within the actual knowledge of the agent. They were material to the purpose for which he knew the oil was to be used. They were effectual to induce the defendant to give the order for the oil, and to receive it when delivered; and they were made for that very purpose.

To my mind, this amounted to a warranty; and that these affirmations were so understood and acted upon, is a necessary inference from these uncontroverted facts.

No particular form of words is necessary to constitute a warranty, nor need the word warrant be used. It is true, that when the word warrant is not used, or other equivalent phrase, it must appear that the affirmation was intended by the parties as a warranty. (*Swett* v. *Colgate*, 20 J. R. 203; and see *Chapman* v. *Marsh*, 19 J. R. 290; *Duffee* v. *Mason*, 8 Cow. 25; *Wheeling* v. *Sutton*, 10 Wend. 413; *Cook* v. *Mosely*, 13 Wend. 277.) The representation must be one which the defendant relies upon, and not one which the parties understood as the mere expression of an opinion. (*Oneida Manufacturing Co.* v. *Lawrence*, 4 Cow. 442.) See, also, on this subject, Story on Sales, § 357, and numerous cases there

cited, going much further than is necessary in this case, probably further than the decisions in this state would sustain.

If the question of the intent of the parties was left in doubt by the evidence, I should feel bound by the finding below, even though I entertained a different opinion of the preponderance of the evidence; but none in this case appears to me to be left. My conclusion is, therefore, that evidence that the oil was not machinery oil, that it was not suited or calculated for machinery, that it was not so durable as represented, and was worthless for the purpose contemplated, should have been received, and the difference in value allowed by way of recoupment, and that for these reasons the judgment should be reversed.

Judgment reversed.