CHATFIELD v. FROST, appellant.

*Pleading — variance — amendment. Warranty — patent defects.*

The complaint averred that the defendant, upon the sale of a pair of horses to the plaintiff, warranted them to be sound. The defendant, in his answer, admitted that he warranted the horses to be sound, so far as he knew, but denied each and every other allegation of the complaint. Upon the trial the plaintiff proved the warranty as stated in the answer ; that the horses were unsound, and that the defendant knew it. *Held*, that there was no variance between the cause of action alleged and that proved, but if there was, then it would present a proper case for an amendment, even on appeal.

The rule that a warranty does not cover patent defects does not apply, unless the defects be such that a common observer cannot help perceiving them, or where the seller leads the buyer to believe that the apparent defects are not a cause of unsoundness.

APPEAL from a judgment entered upon the report of a referee.

The action was brought by Daniel S. Chatfield against Calvin Frost for a breach of a warranty alleged to have been made by the defendant upon the sale of a span of horses, by him, to the plaintiff.

The referee found, as matters of fact, that at the time of the sale the near horse was balky, and the off horse foundered, stiffened and lame in his fore feet and had a spavin on his off hind leg, and had "cocked" ankles; that the defendant knew, while the plaintiff did not know, of these defects; that they were not so apparent, at the time of said sale and delivery, or during the negotiations upon the sale and purchase, as to give the plaintiff notice of their existence. That with said defects the horses were worth only $200, being $125 less than they would have been worth without them. The referee found, as conclusions of law, that the defendant warranted the horses to be sound and all right, so far as he knew; that there was a breach of such warranty; and that the plaintiff was entitled to judgment, on account thereof, for $125, and costs.

*Fuller, Vann & Brooks*, for appellant. A general warranty will not guard against defects which are known to the purchaser, or which are open to inspection and observation. 1 Wait's L. & Pr. 522; 1 Pars. Cont. 576, and note *h ;* 2 Stark. Ev. 905 ; Chit. Cont. 456 ; Finch's Law, 189 ; Story on Contr., § 830; Pars. Merc. Law, 57; 2 Chit. Pl. 278, note ; Long on Sales, 202; 2 Phill. Ev. 104; *Schuyler* v. *Russ,* 2 Cai. 202. A warranty can be made to cover only defects existing at the time of the sale and unknown to the purchaser. Code, § 171; *Gasper* v. *Adams,* 28 Barb. 441; *Fields* v. *Syms,* 2 Robt. 35; *Ross* v. *Mather,* 51 N. Y. 108.

*Edwin S. Butterfield,* for respondent. The defendant is bound by the representations made by him, at the time of the sale, as to the trifling character of the defects, each being an express warranty; and this even though he did not know, at the time they were made, that the horse was unsound, and made them in good faith, supposing them to be true. *Carley* v. *Wilkins,* 6 Barb. 557; *Whitney* v. *Sutton,* 10 Wend. 412; *Cook* v. *Moseley,* 13 id. 277; *Wilbur* v. *Cartright,* 44 Barb. 536. No particular words are necessary to constitute a warranty. *Roberts* v. *Morgan,* 2 Cow. 438; *Rogers* v. *Ackerman,* 22 Barb. 134; *Whitney* v. *Sutton,* 10 Wend. 412 ; *Chapman* v. *Murch,* 19 Johns. 290; *Wilbur* v. *Cartright,* 44 Barb. 536. The declarations

of the defendant to the plaintiff that the horses were perfectly sound, and all right, in every particular, so far as he knew, amounted to a warranty that they were so. *Cook* v. *Moseley*, 13 Wend. 277; *Blakeman* v. *Mackey*, 1 Hilt. 266 ; *Cramer* v. *Bradshaw*, 10 Johns. 484. Whether the words used amounted to a warranty is a question of fact for the referee, and is not the subject of review on appeal. *Duffee* v. *Mason*, 8 Cow. 25; *Rogers* v. *Ackerman*, 22 Barb. 134; *Blakeman* v. *Mackey*, 1 Hilt. 266; *Whitney* v. *Sutton*, 10 Wend. 412; *Cook* v. *Moseley*, 13 id. 277.

GILBERT, J. The complaint avers that the defendant warranted the horses to be sound. The defendant, in his answer, admits that he warranted them to be sound so far as he knew, but denies each and every other allegation of the complaint. Upon the trial the plaintiff proved the warranty as stated in the answer, that the horses were unsound, and that the defendant knew it. It is claimed by the appellant that there is a fatal variance between the cause of action alleged and that proved. One is a general warranty, while the other is a qualified one. By the former the warrantor warrants at all events, by the latter he only warrants for all he knows. In each case the cause of action is a breach of contract, for which assumpsit lies. *Wood* v. *Smith*, 4 C. & P. 45. The only distinction that can be drawn between the two forms of warranty is that a recovery upon a qualified warranty like that in this case cannot be had without proof that the seller knew of the unsoundness, while upon a general warranty a recovery may be had without such proof. We think, therefore, there was no variance, but if there was, that it would present a proper case for an amendment even upon this appeal, and we should not be justified in reversing the judgment on that ground. *Bate* v. *Graham*, 11 N. Y. 237.

The appellant's counsel is correct in stating that a warranty does not cover patent defects. As if a horse warranted perfect be without an eye, or a tail, this gives no cause of action. But the rule does not apply, unless the defects be such as a common observer cannot help perceiving, or where the seller leads the buyer to believe that the apparent defects are in reality not a cause of unsoundness. *Margetson* v. *Wright*, 7 Bing. 603 ; S. C., 8 id. 454; *Cook* v. *Mosely*, 13 Wend. 277; *Duffie* v. *Mason*, 8 Cow. 25 ; *Whitney* v. *Sutton*, 10 Wend. 412. The facts of this case present very strongly both exceptions to the rule.

Upon the merits, we have no hesitation in saying the judgment below is right. An unusually large number of exceptions are presented by the appellant's counsel. Upon a consideration of each we have come to the conclusion that none of them are well taken.

The judgment must be affirmed, with costs.

*Judgment affirmed.*