F.G. Company
*vs.*
C. Alexander.

---

## THE TOWN OF WALPOLE *vs.* THE TOWN OF MARLOW.

For what defects in a declaration judgment must be arrested, and what defects are cured by a verdict.

This was an action of assumpsit. It was alleged in the declaration, that the town of *Walpole* had relieved and maintained one *F. M.* a pauper, having her legal settlement in the town of *Marlow*, which was by law chargeable for her support, and had expended in her support $129 71, of which the said town of *Marlow* had had due notice, &c. and thereby became liable, and in consideration thereof promised, &c.

The cause was tried here at May term, 1820, upon the general issue, and a verdict returned in favor of the town of *Walpole*.

*J. C. Chamberlain*, of counsel for *Marlow*, moved in arrest of judgment: and he contended that the declaration was defective, in not alleging that the pauper had no relations in the line of father or grandfather, &c., of sufficient ability to maintain her. The statute of Feb. 15, 1791, sec. 7, enacts, " that the relations of any poor person standing in need of

49

Walpole
*vs.*
Marlow.

(1) 1 N. H.
Laws 356.

"relief, in the line of father or grand father, &c., of suffi-
"cient ability, shall be liable to maintain and relieve them,
"&c.; and in case any one standing in need of relief have
"no such relations of sufficient ability, then, and in every
"such case, the town or place in this state where such per-
"son was born or last an inhabitant, shall be considered as
"the town or place liable to relieve and maintain such per-
"son, &c."(1)   It is clear that towns are liable to maintain
paupers only in cases, where there are no relations by law
bound to maintain them.   The declaration in this case con-
tains no allegation, that *F. M.* the pauper, had no relations
by law bound to maintain her: it is therefore most mani-
festly bad.

*Field*, for the plaintiff.

Richardson, C. J.   It is contended in this case that judg-
ment must be arrested, because the declaration does not al-
lege, that the pauper had no relations by law bound to sup-
port her.   If the title stated in the declaration be defective,
the judgment must be arrested.   But if this be only an in-
stance of a title defectively stated, the defect is cured by
the verdict.   The true distinction between a defective title,
and a title defectively stated, is this: when any particular
fact is essential to the validity of the plaintiff's title, if such
fact is neither expressly stated, in the declaration, nor neces-
sarily implied from those facts which are stated, the title must
be considered as defective, and judgment must be arrested;
but if such fact, although not expressly stated, be necessarily
implied from what is stated, the title must be considered only
as defectively stated, and the defect is cured by a verdict.(2)

(2) 4 D. & E.
470, Bishop vs.
Hayward.—I
Saund. 228.
note I.—1 D.&
E., Spiers vs.
Parker.

The declaration in this case contains an allegation that the
town of *Marlow* was by law chargeable with the support of
the pauper.   This allegation necessarily implies and could
not be proved without evidence, that the pauper had no re-
lations by law bound to support her.   For if she had such
relations, the town of *Marlow* was not chargeable with her
support.   This then is an instance, not of a defective title,
but of a title defectively stated.   The defect is cured by the
verdict, and judgment must be rendered on the verdict.