## WHITNEY *vs.* SUTTON.

Where a court of common pleas on certiorari *reverse* a justice's judgment *on the merits*, and not for any *error in law* happening before the justice, this court will not review the decision of the common pleas, although they cannot discover the grounds on which the reversal was had.

An objection of variance between the declaration and proof, will not be heard on the argument of a writ of error brought to reverse a judgment of the common pleas rendered on *certiorari.*

In an action for breach of *warranty* in the exchange of horses, to support the allegation of a warranty, it is not necessary that the word *warrant* should have been used ; and whether what was said amounted to a *representation* of soundness, or to a mere expression of an *opinion*, belongs to the jury to determine.

ERROR from the Genesee common pleas. Whitney sued Sutton in a justice's court, and declared on a *warranty* in the exchange of horses, viz. that the horse which the defendant

gave the plaintiff in exchange for a horse received from him was sound, except the scratches, and that he was kind in harness, and alleging a breach of the warranty.   The de- fendant pleaded the general issue.   The cause was heard be- fore a jury.   The plaintiff proved that the horse was lame at the time of the exchange; that he expressed his apprehen- sions as to the lameness, and that the defendant said he is a sound horse except the scratches, and when he gets well of the scratches, he will be well of the lameness; upon this the exchange took place.   The horse was cured of the scratches, but the lameness continued, and evidence was given that it was probably occasioned by a strain of the cords of the leg, and would be permanent, and witnesses gave their opinions as to the amount of damage.   On the plaintiff resting, the defend- ant moved for a *nonsuit*, on the ground that a *warranty* had not been proved, but the justice refused to nonsuit the plain- tiff.   In the course of the trial, the justice also overruled evi- dence offered by the defendant that the plaintiff, since the commencement of the suit, had refused permission to a wit- ness to see the horse.   After hearing testimony on the part of the defendant, the *jury* found a verdict for the plaintiff for $21, on which judgment was rendered.   The defendant sued out a *certiorari*, returnable in the *Genesee common pleas*, and the justice made a return of the proceedings before him, and of the evidence in the cause.   The common pleas *reversed* the judgment of the justice, with costs; but on what ground the judgment was reversed does not appear.   The plaintiff below (Whitney) sued out a *writ of error*, returnable in this court, which brought up the record from the common pleas, contain- ing the justice's return.

*H. Putnam*, for plaintiff in error.

*A. Smith*, for defendant in error.

*By the Court*, SAVAGE, Ch. J.   The return of the justice shews what questions were raised before him; they were both of law and fact.   By the statute the court of common pleas are authorized to review the whole proceedings in the court be- low, and to decide according to the justice of the case, disre- garding matters of form, which do not affect the merits.   With

the *questions of fact* which were disputed this court has nothing to do ; upon a *writ of error* we can correct *errors of law* only. The only question of law raised during the trial was whether the plaintiff had failed to support his action by proof, and should therefore be nonsuited. On that question the justice certainly decided correctly. Whether the words spoken by the defendant were an *assertion* or an *opinion*, was a proper subject for the consideration of the jury. If they amounted merely to the expression of an opinion of the defendant, then the action could not be sustained ; if, on the contrary, they were intended as a representation of the soundness of the horse, and the plaintiff relied upon it as such, then they amounted to a warranty, though the word *warrant* was not used ; and as to the breach of the warranty, the evidence was strong that the lameness of the horse was occasioned by some other cause than the scratches. The justice therefore was correct in refusing to nonsuit the plaintiff.

It is insisted now that there was a variance between the declaration and the evidence. It is a sufficient answer to that objection, that it was not raised before the justice, when the defect in the proof, if any, might possibly have been supplied.

On what point or for what cause the judgment of the justice was reversed does not appear, and I am at a loss to conjecture ; for the verdict of the jury was well warranted by the evidence. But whether the decision was according to the right of the case, was a proper question to be reviewed by the *common pleas*, and is not a proper question for review by *this court*. There was no error in law in the proceedings before the justice, nor does any appear on the record in the proceedings or judgment of the common pleas. If the latter court have misjudged upon the facts, this court has no power to correct the error. As this writ of error is brought to review the judgment of the common pleas, and as that court may have reversed the justice's judgment for an error in fact, we cannot say that they have erred in deciding any question of law, and must therefore affirm their judgment.

Judgment affirmed, with single costs.