CLEVELAND vs. CLEVELAND.

Lands adjoining a public highway, remaining unenclosed, are considered as
*dedicated* to the public use, and no action will lie by the owner against any
person travelling over it.

ERROR from the Washington common pleas.  D. R. Cleve-
land sued A. Cleveland in a justice's court for *trespass*, in walk-
ing over his lands.  The defendant passed from the beaten
track of a public highway over a fence into his own lands,
and in doing so passed over a strip of land belonging to the
plaintiff, of from *six* to *ten feet* in width, lying between the road
and the fence, allowing the road to be only *two rods* wide.
The beaten track is two feet *west* of the centre of the road
which is now travelled as it was when laid out.  The fence
over which the defendant passed is to the *east* of the road.
The strip of land has remained unenclosed since the road was
laid out.  The justice rendered judgment in favor of the plain-
tiff for *six cents* damages and $2,03 costs, which judgment
was *reversed* by the Washington common pleas.  The plain-
tiff sued out a writ of error.

*Allen & Blair*, for the plaintiff in error.

*Billings & Willard*, for the defendant in error.

*By the Court*, NELSON, J.  There is no evidence showing
that the road referred to in the return, and which is a public
road, was originally laid out *only* two rods wide.  The statute

2 R. L. 277, § 22, see also Act of 1801, Webst. ed. 1 Vol. 591, <span style="text-align:right">NEW-YORK,<br>May, 1834.</span>
§ 17, required roads to be laid out four rods wide. The revised statutes now require public roads to be not less than three
rods wide. This road may not have been more than two rods
under some old law, or by prescription; but if so, it lay upon
the plaintiff to prove the fact, as it would be an exception to
public roads generally. If it is to be deemed four rods wide,
then there is no doubt it extends to the line of the defendant's
farm; and even if it had been proved to have been laid out
but two rods wide, and a few feet belonging to the plaintiff lay
between the road and the fence, as it has always been left in
common with the road, and thereby apparently devoted to the
public use, any person would be justified in using it in that
way. The fair inference to be drawn from its situation, thus
acquiesced in by the owner, is, that it has been abandoned to
the public; any other construction would convert it into a clap-
trap to catch trespassers.

Besides, even assuming the road to be but two rods wide
there is some doubt upon the evidence whether it did not ex-
tend to the defendant's line. The court below had a right to
determine that question, and their decision is final. 10 Wen-
dell, 411.

Judgment affirmed.