## MORRILL *vs.* WALLACE and a.

There is no particular form of words necessary in order to constitute a warranty.

If the vendor, in a sale of chattels, make any assertion, or affirmation, respecting the kind, quality, or condition of the article, upon which he intends the vendee should rely as a fact, and upon which he does rely, that is a warranty.

Mere expression of judgment or opinion does not amount to a warranty.

If there is any doubt, upon the evidence, whether the vendor intended to make an affirmation, or to express an opinion or belief, the matter must be submitted to a jury.

CASE, for that the defendants, on the 1st January, 1832, in consideration that the plaintiff promised the defendants to pay them the sum of $42.40, bargained and sold to the plaintiff 848 ℔s. of lean pork ; and, upon making said bargain and sale, the defendants warranted the pork to be wholesome and free from any taint.   Yet the plaintiff avers that the pork was, at the time of said bargain and sale, tainted and unwholesome, whereby the plaintiff was greatly deceived and defrauded.

It appeared that in January, 1832, the defendants and one Robert Wallace were partners in trade, and said Robert Wallace carried and sold to the plaintiff the pork mentioned in the declaration.

There was evidence tending to prove that there was in the pork some unfavorable appearances, and that the plaintiff enquired of said Robert Wallace whether the pork was good, upon which he affirmed that it was good.   There was also

evidence tending to prove that a considerable quantity of the pork was tainted and spoiled. But there was no evidence which showed that the defendants or said Robert Wallace had any knowledge that it was injured.

Upon this evidence the court directed the jury, that if they believed the pork had an unfavorable appearance, and the plaintiff enquired of Robert Wallace whether it was good, and he affirmed that it was, this would be a warranty, which would render the defendants liable upon the declaration in this case, if the pork turned out to be unsound and tainted, although the defendants and said Robert Wallace were not aware that it was tainted.

It was insisted by the counsel of the defendants, that whether the words used by Robert Wallace, under the circumstances, constituted a warranty, was a question of fact for the jury to settle; but instead of leaving that question to the jury, the direction above stated was given; and the jury having returned a verdict for the plaintiff, the defendants moved for a new trial.

*Farley*, and *C. G. Atherton*, for the plaintiff. It is not necessary to show that the word *warrant* was used. It is sufficient that any other words were used amounting to an affirmation. 2 *Cowen* 438, *Roberts* vs. *Morgan ;* 20 *Johns.* 203, *Swett* vs. *Colgate ;* 2 *Caines* 48, *Seixas* vs. *Wood ;* 10 *Johns.* 484, *Cramer* vs. *Bradshaw.*

In contracts for provisions it is always implied that they are wholesome. 3 *Black. Com.* 166 ; 10 *Mass.* 201, *Emerson* vs. *Brigham ;* 12 *Johns.* 468, *Van Bracklin* vs. *Fonda.* In a sale of provisions for domestic use, the vendor is bound to know that they are so. 2 *Har. & Gill* 495, *Osgood* vs. *Lewis ;* 2 *Kent's Com.* 481, *in note.* If the law implies the warranty it is well enough.

*C. H. Atherton*, and *S. Smith*, for the defendants. In oral contracts it is the province of the jury to determine as

to warranty ; on written contracts, it belongs to the court. 2 *Har. & Gill* 176 ; 5 *Johns.* 395, *Sands* vs. *Taylor ;* 2 *East* 314, *Parkinson* vs. *Lee ;* 10 *Wend.* 411, *Whitney* vs. *Sutton.*

Whether what was said amounts to a representation of soundness, or was mere matter of opinion, is for the jury.

The authorities relating to the sale of provisions have been overruled, or at any rate do not apply here, as it does not appear that the pork was sold for domestic use.

PARKER, J. There are many cases to be found in the books upon the subject of warranty, and it is not matter of astonishment if all of them cannot well be reconciled.

One of the earlier cases is not remarkable for the sound morality of the law stated in it. It was an action on the case for selling a jewel, affirming it to be a bezoar stone, when in fact it was not. Croke's Report says : " All the 'justices and barons (except Anderson) held that for this 'cause" (the want of an averment that he warranted it to be a bezoar stone) "it was error : for the bare affirmation ' that it was a bezar stone, without warranting it to be so, is 'no cause of action ; and although he knew it to be no be-' zar stone, it is not material ; for every one in selling his ' wares will affirm that his wares are good, or the horse which ' he sells is sound ; yet, if he does not warrant them to be ' so, it is no cause of action, and the warranty ought to be 'made at the same time of the sale."

" Anderson to the contrary ; for the deceit in selling it as ' a bezar, whereas it was not so, is cause of action." *Cro. Jac.* 4, *Chandelor* vs. *Lopus.* But the whole of this case, as stated in Croke, can hardly be regarded as an authority at the present day. A report of the opinion of Mr. Justice Popham, in that case, *Dyer* 75, *note,* is more in accordance with recent decisions.

One reason, perhaps, for some apparent diversity in the cases, is from not defining with precision the principle upon which the case was decided.

From some of the cases it might be inferred that matter of description in a bill of sale or parcels, or even in an advertisement of sale, would amount to a warranty. 4 *Camp.* 144, *Gardiner* vs. *Gray ;* 2 *B. & Cres.* 627, *Kain* vs. *Old ;* 5 *Barn. & Ald.* 240, *Shepherd* vs. *Kain ;* 2 *Pick.* 214, *Hastings* vs. *Lovering ;* 13 *Mass.* 145 ; 1 *Stark. Rep.* 504, *Bridge* vs. *Wain.* From others it would appear that it could not be so regarded. 1 *Bing.* 344, *Richardson* vs. *Brown ;* 8 *Bing.* 48, *Budd* vs. *Fairmainer ;* 5 *C. & P.* 78, *S. C. ;* 5 *C. & P.* 343, *DeSeuhanberg* vs. *Buchanan ;* 2 *Caines* 48, *Seixas* vs. *Woods ;* 20 *Johns.* 296, *Swett* vs. *Colgate ;* 4 *Johns. R.* 421, *Holden* vs. *Dakin ;* 2 *Esp.* 572, *Jendwine* vs. *Slade.*

These cases may perhaps be reconciled to some extent, upon the ground that in those cases where it was held that there was a warranty, there was something beyond mere matter of description—something amounting to an assertion or averment of a fact relating to the kind, quality or condition of the article sold, as in 10 *Johns.* 484, *Cramer* vs. *Bradshaw,* where, by a bill of sale, B. granted, bargained and sold " a negro woman slave, named, &c., *being of sound wind and limb, and free from all disease,"* it was held that these were not words of description, but an averment of a fact, and amounted to an express covenant or warranty, as to the soundness of the slave.

Some of the cases take a difference between a representation and a warranty, and hold that a representation is not a warranty. 2 *Car. & Payne* 211, *Salmon* vs. *Ward ;* 2 *C. & P.* 343 ; *ditto* 78 ; *Stark. Ev.* 1661, *note* 1. Others hold that what a seller represents at the time of the sale is a warranty. 4 *C. & P.* 45, *Wood* vs. *Smith ;* 10 *Wend.* 411, *Whitney* vs. *Sutton.*

Some of the cases seem to make the question of warranty depend upon the intention of the vendor to warrant or otherwise. 19 *Johns.* 290, *Chapman* vs. *Murch ;* 13 *Wend.* 278, *Cook* vs. *Moseley ;* 3 *Verm. R.* 53, *Beeman* vs. *Buck ;* 3 *D. & E.* 57, *Pasley* vs. *Freeman.*

Perhaps in these the decision did not turn upon the question whether the party intended actually to be held by a warranty; but upon the enquiry whether he intended to make an affirmation of a fact, instead of intending to express judgment or opinion ; for other cases go to show, that even if the party might not have supposed that he was making himself liable upon a warranty, but intended to make an affirmation, or assertion, which the other should receive as fact ; or intended to utter what was equivalent to a promise, and not to express an opinion or belief about the matter ; such assertion, affirmation, or promise that the fact existed, amounts to a warranty as to that fact. 10 *Wend.* 411 ; 2 *Cowen* 438 ; 4 *Cowen* 440, *Oneida Man. Society* vs. *Lawrence ;* 3 *D. & E.* 57 ; 1 *Salk.* 210, *Medina* vs. *Stoughton ;* 1 *Ld. Raymond* 593, *S. C.*

We think this latter the better opinion, and that the matter does not depend upon the question whether it was a representation or not, or whether the vendor intended to be bound by a warranty or not, nor upon any particular form of words ; but upon the question whether the vendor made any assertion or affirmation respecting the kind, quality or condition of the article, or whether there was merely an expression of judgment, opinion or belief. If the vendor made an assertion of that nature, upon which he intended the vendee should rely, and upon which he did rely, that is sufficient. 8 *Cowen* 25, *Duffee* vs. *Mason ;* 12 *East* 637. An affirmation of an independent fact, made during a negotiation for a sale ; as, for instance, a declaration that another person had offered a particular sum ; is not to be regarded as a warranty. 2 *Kent's Com.* 381 ; 5 *Johns. Rep.* 354, *Davis* vs. *Meeker.*

It is well settled that there is no particular form of words necessary to constitute a warranty. 19 *Johns.* 290 ; 2 *Cowen* 438 ; 4 *ditto* 440 ; 8 *ditto* 25 ; 10 *Wend.* 413 ; 13 *ditto* 278 ; 3 *Vermont Rep.* 53. " I promise" that the matter is so, is as well as if the words were, "I will warrant that it is so." 19 *Johns.* 290. And so if any other words of affirmation are

used in such a manner as to show that the party expects or desires the other to rely upon the assertion, as a matter of fact, instead of taking it as an expression of the judgment or opinion of the vendor, it amounts to the same thing.

There is nothing magical, nor necessarily any thing technical, about a warranty. In a sale by sample there is a warranty implied that the bulk is of the same kind and quality as the sample. 13 *Mass. R.* 139, *Bradford* vs. *Manly ;* 8 *Pick. R.* 250, *Williams* vs. *Spafford.*

There may be qualified warranties as well as absolute, (4 *Car. & Pay.* 45 ; 4 *Barn. & Cres.* 445, *Jones* vs. *Cowley*) and there is no necessity for any one to exceed the bounds of truth in recommending his wares.

Express words of warranty may show that other words, which would otherwise have amounted to a warranty, were intended only to express belief or opinion. 5 *C. & P.* 78, *and Dickinson* vs. *Gapp, there cited.*

The books seem to agree that no one is to be held as a warrantor on account of a mere expression of judgment or opinion. 2 *Kent's Com.* 381 ; 3 *D. & E.* 57 ; 2 *Esp. Rep.* 572 ; 2 *Caines* 56 ; 4 *Cowen* 440 ; *Peake's Cas.* 123, *Dunlop* vs. *Waugh.* And this is sufficient for the protection of those who desire to make fair bargains. It gives us pleasure, therefore, to find that the authorities fully warrant the conclusions to which we have arrived in this case.

If there be any doubts upon the evidence, whether the vendor intended to make an affirmation, or express an opinion or belief, the matter must be left to the jury to determine that question. 10 *Wend.* 411 ; 8 *Cowen* 25.

Upon the foregoing principles, the verdict in this case might be supported ; as, according to the case, the vendor "affirmed" that the pork was good, when in fact considerable of it was tainted and spoiled ; and an affirmation amounts to a warranty. But the judge who presided at the trial is of opinion that giving this construction to the term "affirmed," as used in the case drawn up, will make the case too

strongly stated, and that the evidence of the declarations of the party were such, that it should have been left to the jury to find whether what was said was in point of fact an affirmation or assertion that the pork was good, or only an expression of opinion respecting its quality. For this reason, there must be a