## Low *v.* Tilton.

If, in an action against a sheriff for the default of his deputy, the defendant is not so described, and the declaration does not allege that he is sheriff, the defect will not be aided by verdict.

CASE. The defendant was described as " Samuel Tilton of Sanbornton, in the county of Belknap, Esquire." The declaration alleged that one Stephen C. Badger, in 1841, recovered judgment against Benjamin Bordman, for the sum of $36,75 damages and costs, upon which an execution was taken out and delivered to one Dudley Smith, one of the deputies of the sheriff for the county of Belknap, who thereupon attached and sold Bordman's equity of redemption of certain land, for the sum of $125, and applied the proceeds in satisfaction of the execution, retaining in his hands the balance, $81,78, which he neglected and refused to pay over to the plaintiff, as assignee of Bordman, as it was his official duty to do. Upon the trial, it appeared that the defendant, was sheriff of the county of Belknap, and Dudley Smith, one of his deputies when the execution against Bordman was delivered to him for service. Upon a verdict being found for the plaintiff, the defendant moved in arrest of judgment, on the grounds,

1st. That the testimony applied to the defendant, as sheriff of the county of Belknap, and that his liability depended on that fact.

2*d.* That the defendant was not so described in the writ, and that there was no allegation in the declaration that he was such officer, or that Dudley Smith was his deputy.

*Bordman* and *Perley*, for the plaintiff.

*Hazelton* and *Pierce*, for the defendant.

Wilcox, J. The declaration, in this case, would have been insufficient upon demurrer, for its allegations in no way connect the defendant with the default of the deputy sheriff, Dudley Smith. It fails in its vital requisite, the setting forth the nature and extent of the claim upon the defendant; and in order to show any claim, the evidence must be much more extensive than the allegations. Every fact that the declaration sets forth might be true, and still the defendant be under no legal responsibility arising from them, because, although Smith, the deputy of the sheriff of Belknap county, is alleged to be in fault, the defendant is not alleged to be that sheriff, nor is he described as such. It is well settled that where the liability of the defendant arises from some particular character or capacity, that must be stated. 1 Chitty's Pl. 418, 419.

But it is contended that the defect in the declaration is cured by the verdict.

There may be defects in a declaration, which, though proper ground for demurrer, would be aided by verdict; but those are cases where there is a general allegation which embraces the right of the plaintiff, or the liability of the defendant, though insufficient in certainty and particularity, and where, a verdict having been based upon it, it is necessarily to be presumed that the particular facts requisite for the verdict have been found. But when any particular fact is essential to the validity of the plaintiff's title, if such fact be neither expressly alleged nor necessarily to be implied from those which are stated, the verdict cannot aid such de-

ficiency. *Max* v. *Roberts,* 12 East 89; *King* v. *Everett,* 8 B. & C. 114; 1 Saund. 228, note 1; *Walpole* v. *Marlow,* 2 N. H. Rep. 385.

It is contended, in the present case, that the defect in the declaration has been cured by the verdict, because it is not to be supposed that a jury would give a verdict, or the court suffer one to be given, without proof of the defendant's liability, *in some form,* for the default of Smith. The principle has never been, and cannot be extended to permit any such vague and indefinite sort of pleading. If such presumption be sound, why would it not dispense with the necessity for any declaration whatever, as well as of so essential a part? It is not even alleged generally that the defendant is answerable or liable for Smith, if that form of allegation would be sufficient after verdict.

*Judgment arrested. Leave granted to move to amend in the court of common pleas.*