## BEDELL *v.* STEVENS.

Judgments are arrested only for intrinsic causes, and when the statement of the plaintiff's cause of action, and that only, is defective or inacurate, the defect is cured by a general verdict in his favor.

Upon motions in arrest of judgment, the court judge only from the record, and not from what took place at the trial; and after verdict they will presume that every thing was proved which the averments of the declaration will warrant. But they cannot presume that a cause of action was proved where none is stated; and where a material fact is omitted, which cannot be implied in or inferred from the finding of those which are stated, the verdict will not cover the defect.

Where the plaintiff, in his declaration, alleged that he purchased of the defendant a promissory note against one C., and that the defendant affirmed C. to be a person in good credit, when, in fact, he was poor, and the note was of no value; and so the plaintiff said that the defendant deceived and defrauded him to his damage, &c. *Held,* that the declaration was bad in assumpsit, in not averring a promise, and bad in case, in not alleging a scienter. *Held, also,* that it was not a good declaration in case upon a warranty, as no warranty was stated in it.

CASE, on a warranty. The declaration was as follows: " In a plea of the case, for that the said Abraham Bedell, jr., heretofore, to wit, on the first day of August, A. D. 1851, at said Lancaster, by request of the said Calvin P. Stevens, purchased of him a note, signed by Alfred Carlton, and made payable to one A. V. Stevens, or bearer, in the sum of fifty-five dollars and fifty-nine cents, on demand, with use, and that the said Calvin P. Stevens affirmed the said Carlton was a person in good credit, when, in fact, he was poor, and the note of no value. And so the said Abra-

ham Bedell, jr., says that he, the said Calvin P. Stevens, has deceived and defrauded him to the damage of the said Abraham Bedell, jr., as he says, the sum of one hundred dollars."

On the trial, the court instructed the jury that the plaintiff must prove that the defendant's representations, in respect to the signer of the note in question, were fraudulent.

A verdict was returned for the plaintiff, and the defendant moved in arrest of judgment, because of the insufficiency of the declaration.

The plaintiff opposed the motion, but asked, in case the declaration should be held insufficient, that an amendment may be granted without setting aside the verdict.

The questions arising upon the case were transferred to this court for determination.

*Benton*, with whom was *Cooper*, for the defendant.

The declaration is the foundation of the suit and judgment. It must simply and fully explain the plaintiff's case, and contain all the matters essential to entitle him to judgment. Whatever it is necessary to prove must be alleged. 1 Phill. Ev. 161.

To show the insufficiency of the declaration, in this case, it is only necessary to refer to the case in our own reports. *Lord* v. *Colley & a.* 6 N. H. Rep. 99. See also *David* v. *Meeker*, 5 Johns. 354, where it was held that if there was no express warranty nor fraud, the action of deceit for false affirmation cannot be sustained.

It is laid down by Professor *Greenleaf*, as an established rule and as the first rule governing in the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue. 1 Greenl. Ev. 58.

If the title stated in the declaration be defective, the judgment must be arrested. *Walpole* v. *Marlow*, 2 N. H. Rep. 385.

To hold that a defective declaration can be made good by the evidence or instructions of the court to the jury, would be as absurd as to claim that the merit of the declaration could supply the deficiency in the proof.

This declaration contains no allegation of warranty, which, it would seem, is necessary in all cases except where the gist of the action is fraud, in which case the *scienter* must be alleged and proved. *Beman* v. *Buck*, 3 Vt. Rep. 53; 19 Johns. 290; Peake on Ev. 228; *Patten* v. *Gurney*, 17 Mass. Rep. 182.

The distinction seems to be this, as to the effect of affirmations: If the seller asserts a fact as matter of opinion or judgment merely, he is not liable, except on the ground of fraud; if he makes an assertion as matter of fact, on which he intends the purchaser to rely, it would amount to a warranty. *Morrill* v. *Wallace & a.* 9 N. H. Rep. 111; *David* v. *Meeker*, 5 Johns. 354.

In the latter case, however, I apprehend, it must be necessary to state the legal effect of the affirmation in the declaration.

*Burns & Fletcher*, for the plaintiff.

I. This action is *case* on a warranty of the good credit of one Alfred Carlton. The declaration is upon a contract. There is not a word to be found in it in regard to fraud, any further than what appears in the old forms in asssumpsit.

It is alleged, in the declaration, that the plaintiff affirmed the said Carlton was a person in good credit. The declaration is clearly not founded on deceit, as it contains no allegation of that kind. " There is no particular form of words necessary in order to constitute a warranty." If any affirmation is made, upon which the affirmant intends the person to whom he makes it should rely as a fact, and upon which he does rely, that is a warranty. *Morrill* v. *Wallace*, 9 N. H. Rep. 111.

In the 4th of Bingham 66, the allegation in the declara-

ation was that the defendant "represented and affirmed to the plaintiff," and the court held that these words amounted to an allegation of warranty. In this case, the words used were substantially the same as in the case at bar.

II. In a declaration in case on a warranty, the *scienter* need not be alleged, and, if alleged, need not be proved. *Beeman* v. *Buck*, 3 Vt. Rep. 53; 2 East 446; 4 Bing. 66, 73.

We understand the rule to be as laid down in *Barlow* v. *Enos*, Bray. 125, and *Bates* v. *Martin*, Bray. 78, which is, that if a declaration in case be founded on deceit, and allege no warranty, the *scienter* must be alleged and proved. But if the declaration be founded on a warranty, then the *scienter* need not be alleged, and, if alleged, need not be proved.

In cases of this kind, *assumpsit* and *case* are concurrent remedies, and courts have sometimes said that the only advantage the plaintiff has in assumpsit is, that he may add the money counts. The same rule is laid down in *Adamson* v. *Jarvis*, 4 Bing. 66, above cited.

III. This is a motion in arrest of judgment, because of the insufficiency of the declaration. If, after verdict, we can collect a cause of action, or infer that proof must have been given at the trial that will support the action, the judgment may be sustained. *Adamson* v. *Jarvis*, 4 Bing. above cited.

In the case at bar, the court instructed the jury that they must find the affirmation to have been fraudulent, and this was sufficient.

IV. If the court shall be of the opinion that the *scienter* must be proved, we think the plaintiff should have leave to amend without costs, inasmuch as the instruction of the court was as favorable to the defendant as it could have been if the *scienter* had been alleged, and the verdict of the jury must have been the same. *Carlisle* v. *Weston*, 1 Met. 26.

EASTMAN, J.  A verdict having been returned for the plaintiff, in this case, and it being quite apparent from the finding of the jury, under the instructions of the court upon the trial, that the plaintiff has a cause of action against the defendant, we have endeavored to find some good reason by which we could arrive at the conclusion that the motion for the arrest of judgment should not be granted.  But this we have been unable to do.

Judgments are arrested only for intrinsic causes, such as are apparent upon the record.  Formal defects and errors are cured by statute, and are harmless except upon special demurrer.  Substantial defects, also, such as would be bad on general demurrer, are not unfrequently cured by verdict. If the plaintiff obtains a verdict, and it is found that his declaration is faulty in omitting some particular fact or circumstance, without which he ought not to have judgment, but which is, nevertheless, implied in or inferable from, the finding of those facts which are expressly alleged and found, the declaration is aided (because the omission is supplied) by the verdict.  The court, in such case, must presume that the fact or circumstance omitted was proved to the jury.  1 Saund. 228, a. n. 1; Cro. Jac. 44; Carth. 304.  See also *Sewall's Falls Bridge* v. *Fisk & Norcross,* 3 Foster's Rep. 171, where many American authorities are collected.

The rule, as laid down by Judge *Gould,* and which is sustained by numerous authorities, is this :  When the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor; because to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated, must be proved at the trial; and it is, therefore, a fair presumption that they were proved.  But where no cause of action is stated, the omission is not cured by verdict.  For as no right of action was necessary to be proved, or could have been legally proved under such a declaration, there can be no ground for presuming that it

was proved at the trial. Gould's Pl. 497; Doug. 683; 1 Salk. 365; 3 Black. Com. 395; Bac. Abr. Verdict X.

In *Walpole* v. *Marlow*, 2 N. H. Rep. 385, *Richardson*, C. J., states the rule thus: If the title stated in the declaration be defective, the judgment must be arrested. But if the title be defectively stated, the defect is cured by verdict. The true distinction between the two is this: when any particular fact is essential to the validity of the plaintiff's title, if such fact is neither expressly stated in the declaration, nor necessarily implied from the facts which are stated, the title must be considered as defective, and judgment must be arrested; but if such fact, although not expressly stated, be necessarily implied from what is stated, the title must be considered as only defectively stated, and the defect is cured by verdict.

As the court must judge, in motions of this kind, from the record, and that only, and not from what took place at the trial, it will presume, after verdict, that every thing was proved which the averments stated in the declaration will warrant. But they can presume nothing more. They cannot presume that a cause of action is proved where none is stated; and where a material fact is omitted, which cannot be implied in or inferred from the finding of those which are stated, the verdict will not cover the defect. Bac. Abr. Verdict X; Com. Dig. Pl. C. 87; 1 Salk. 364; 7 Term 351, n. 1.

To apply these principles to the case under consideration. The plaintiff alleges that his declaration is case upon a warranty. But in what part of it do we find the warranty? In none, surely, unless we construe the word " affirmed " to be the same as " warranted." But this cannot be done. There is a marked difference between an affirmation and a warranty. An affirmation is a matter strongly stated; a warranty is a promise or contract, a security or guaranty. To affirm is to state a thing positively; to warrant is to insure, indemnify, to guaranty. It is true, that there is no

particular form of words necessary to constitute a warranty, and that if the vendor, in a sale of chattels, makes any assertion or affirmation respecting the kind, quality or condition of the article upon which he intends the vendee should rely as a fact, and upon which he does rely, that is a warranty. *Morrill* v. *Wallace & a.* 9 N. H. Rep. 111. But what a jury may be at liberty to find to be a warranty is not an averment of a warranty. And, we apprehend, that the difficulty into which counsel has fallen, in drawing this declaration, arose from its having been done in haste, and from not considering, at the moment, the proper distinction to be made between what may be evidence of a warranty and the averment itself. The averment should be distinct, while in proving it no particular form of words is necessary to be shown. But it is clear that an affirmation merely is not a warranty, and there is no averment of warranty in the declaration.

The statements in the declaration might have been submitted to a jury, from which, perhaps, they would have found that the defendant made an affirmation in regard to the solvency of Carlton, which he intended the plaintiff should rely upon as a fact, and which he did rely upon; and thus much having been proved, the jury would have found a warranty, had the declaration contained the necessary averment.

But, as the matter now stands, the most that we can infer from the verdict is, that the jury found that the defendant affirmed Carlton to be a person of good credit, which was, in fact, untrue. And it has been repeatedly decided that a false affirmation, in regard to the credit of a person, is no cause of action; that it must be fraudulent as well as false. *Lord* v. *Colby,* 6 N. H. Rep. 90 ; *Haycraft* v. *Creasy,* 2 East 92; *Hamar* v. *Alexander,* 5 B. & P. 241 ; *Gallager* v. *Brunel,* 6 Cowen 346 ; *Barney* v. *Dewey,* 13 Johns. 244 ; *Pasley* v. *Freeman,* 3 D. & E. 51 ; *Bean* v. *Bean,* 12 Mass. Rep. 20.

It is evident, then, that this declaration must be bad. The validity of the plaintiff's title depended upon the warranty, and that is not stated; neither can it be implied from the facts which are stated. Because the defendant affirmed that Carlton was a person in good credit, and that was not true, we cannot infer that the jury found that he warranted Carlton to be a person in good credit. The plaintiff has undoubtedly taken the only ground, in regard to his declaration, that he could stand upon. It is clearly bad in assumpsit, for there is no allegation of any promise or undertaking, nor any consideration, stated with distinctness. It is bad in case for deceit, for there is no averment of a *scienter*.

By amendment, the declaration could very easily be made good, either in assumpsit or case. An averment of a consideration and promise would make it good in assumpsit; and an allegation of a *scienter* would make it equally good in case. But, as it stands, it is neither the one thing nor the other. It is, in fact, a defective declaration in case for a false affirmation. It lacks the allegation of fraud. So the court below viewed it upon the trial, as we infer from their instructions to the jury, and it is clearly bad until amended.

Having arrived at the conclusion stated, we might here draw our opinion to a close; but as counsel have both argued the matter principally upon the ground that the validity of the declaration depended mainly upon the necessity or not of there being an averment of a *scienter*, we will add a suggestion or two in regard to that particular question.

In the sale of personal property, a buyer may, in some instances, according as the fact may be, have an action against the seller, either for deception and fraud practised upon him in the purchase, or upon a warranty given in regard to the subject of the sale. In the former instance, it is clear that the declaration should include an averment of a *scienter*, that is, a knowledge by the vendor that the repre-

sentation made is false, which amounts to fraud.   The fraud being the gist of the action, an averment of it cannot be dispensed with.   In this, all the authorities agree.   But in pursuing the remedy upon the warranty, either assumpsit or case may be brought.   If assumpsit, as the defendant is liable whether there be any intentional wrong or not, it is, of course, unnecessary to aver a *scienter*.   And in case, also, as the plaintiff contends is his declaration in this action, the authorities would seem to show that it is unnecessary to allege a *scienter*, although the reason of the thing is not so apparent.   *Williamson* v. *Allison*, 2 East 446 ; *Beeman* v. *Buck*, 3 Vt. Rep. 53.

It has, undoubtedly, long been the practice to make case and assumpsit concurrent remedies for a breach of warranty in the sale of personal chattels.   But it is, also, the fact that the practice of the profession has latterly been to declare in assumpsit upon such contracts, and this, we think, alto-gether the preferable course.   In assumpsit, if there has been a warranty and a breach, the plaintiff recovers, whether deceit accompanied the warranty or not; and as a warranty is an engagement, a promise to make good, it is much more agreeable to analogy to declare upon it in that form of action.

It appears to us, also, that there is a degree of incon-sistency in declaring in case upon a warranty, unless there be also an allegation of a *scienter*.   The object of a declar-ation is to make known the plaintiff's grievance, and of this the defendant is entitled to be informed.   He should know whether the plaintiff intends to charge him with deceit and fraud, or with a breach of his promise only.   But it requires the same evidence, in an action upon a warranty, to sustain either case or assumpsit, that is, proof of warranty and the breach ; and the only ground, as we conceive it, upon which case can consistently be maintained is, that the deceit fol-lows as incident to the breach of the warranty, and thus the tort is made out.

Bedell *v.* Stevens.

The general·issue, in case upon a warranty, is not guilty. Not guilty of what?—of the warranty and the breach? They form the gravamen of the action, and without proving both the plaintiff fails; and by proving both he sustains his action. But every pleader knows that not guilty is no proper answer to a breach of contract, and that such a plea to an alleged breach of contract would be bad. The plea of not guilty supposes a wrong, a fraud, a deceit; so that, in case upon a warranty, not guilty, technically and properly speaking, puts in issue, not the gravamen of the action, the warranty and the breach, but the deceit that is said to be implied in them. And if it be, in truth, the deceit, the fraud, that is put in issue by such a plea, then there would seem to be good reason for requiring it to be stated with a *scienter.* But we make no decision upon this point, reserving it for a full examination, whenever it shall be distinctly presented.

Holding the declaration to be insufficient, the judgment must be arrested. But the plaintiff may have leave to move the common pleas to amend the declaration; upon what terms, that court will decide should they grant the motion.

*Judgment arrested.*