Richardson *v.* Mason.

RICHARDSON and another *vs.* MASON & CORSON.

53b    601|<br>76 AD¹285|<br>76 AD²285|

During a negotiation between the plaintiffs and defendants, for the purchase of a number of cows by the former, of the latter, one of the plaintiffs told one of the defendants that he wanted to know if the cows were all right — all perfect — and when they were coming in; that the plaintiffs wanted them to take back into the country to sell to dairymen, to fill in where their cows were farrow and old, &c.; that they must know whether they were all coming in in good season, as they had to warrant them coming in, and wanted them perfect every way, &c. The defendant said they were all coming in in good season but one, &c. *Held*, that the jury had a right to find, from this evidence, that the defendants warranted the cows to be with calf, except one, at the time of the sale, and that the times when they became with calf were of such dates that they would come in in good season the following spring, for dairy cows. That it was not necessary for the defendants to say they warranted the cows, to make them liable for a warranty on them.

*Held, also*, that the assertion of the defendant that the cows "were all coming in in good season in the spring, but one," being positive and unequivocal, the plaintiffs had the right to rely on it as the absolute assertion of a fact, and not the mere expression of an opinion.

The authorities are numerous that such an assertion may be held by a jury to constitute a warranty.

Richardson *v.* Mason.

*Held, further,* that the objection that the action was commenced before the time arrived at which the defendants warranted the cows would have calves, even if it had been raised at the trial, would have been unavailable to the defendants; for the reason that if the cows were not with calf at the time of the sale, the warranty was broken at the time the action was commenced. And that the time when the cows were to come in, according to the warranty, having passed at the time of the trial, there was no difficulty then in establishing the alleged breach of the warranty.

The plaintiffs having, after their purchase of the cows, sold some of them to a third person, the latter, on being cross-examined as a witness, stated that the plaintiffs warranted the cows to him for four weeks. He was then asked, "Are we to understand by the warranty made to you by the plaintiffs on the sale of these cows, that if they appeared to be with calf, by not being a bulling within four weeks, that was to be an end of the warranty?" The question was objected to on the ground that the witness had stated what the warranty was, and that he should give the facts, and not his opinion. The objection was sustained. *Held,* that the ruling was correct, for the reasons stated in the objection, and also for the reason that the evidence sought for was immaterial to the issue.

The judge denied the request of the defendants' counsel, to charge the jury that so far as it appeared to them that any of the cows were sold by the plaintiffs to third persons, warranted only for four weeks, or any other limited time, and there was no breach of warranty within that time, the plaintiffs could not recover for them in this action, though such cows ultimately did not come in. *Held,* that the request was properly refused.

*Held, also,* that the plaintiffs were entitled to recover the difference between the value of the cows, if they had been in the condition the defendants warranted they were, and their value in the condition they in fact were at the time the plaintiffs purchased them.

THIS action was brought before a justice of the peace in the county of Madison, where the plaintiffs complained that on or about September 3d, 1866, they bought of the defendants a certain number of cows, which the defendants represented and warranted to be with calf and to calve in good season, and in consequence of such representations and warranty the plaintiffs were induced to buy, and did buy said cows, and paid therefor the sum of $1685, whereas said cows, or a number of them, were not with calf, as represented and warranted, whereby the plaintiff suffered damage to the amount of two hundred

Richardson *v.* Mason.

dollars. The defendants denied the allegations in the complaint.

The plaintiffs recovered a judgment before the justice; from which the defendants appealed to the county court, of Madison county.

The action was retried in the county court in June, 1867, where the plaintiffs recovered a verdict for $127.50 damages.

The defendants took exceptions on the trial, and after judgment was rendered against them by the county court, they appealed from the judgment of that court to this court. The case was argued in this court by —

*Thos. Barlow,* for the defendants.

*S. T. Holmes,* for the plaintiffs.

*By the Court,* BALCOM, P. J. The defendants raised the question in the county court that the evidence did not establish a warranty of the cows by them. The court refused to hold that no warranty was proved, and the defendants excepted. The court submitted the question to the jury whether the evidence established a warranty, and the defendants excepted.

The cows were purchased by the plaintiffs in the fall of the year 1866, on the defendants' farm, in the county of Madison. The number was thirty-seven. The defendants had a larger number of cows. The plaintiff Fletcher testified as follows: "I called Corson one side and told him I wanted to know if the cows were all right, all perfect, and when they were coming in; that we wanted them to take back into the country to sell to dairymen to fill in where there their cows were farrow and old, that they wanted to turn off; and we must know whether they were all coming in in good season, for we have to warrant them coming in, and we want them perfect every way —

their teats and bags perfect; he said, *they are all coming in in good season but one;* he said there was one two-teater, and there was one that had been to bull two or three times; we finally concluded to buy thirty-seven, and did, for $50 a head for the lot."

The plaintiff Richardson testified that the defendant Corson said, at the time the plaintiffs purchased the cows, "they were all coming in in good season in the spring, but one, and that one had been to bull over two or three times."

The jury had the right to find, from this evidence, that the defendants warranted the cows were with calf, except one, at the time they sold them to the plaintiffs, and that the times they became with calf were of such dates they would come in in good season the following spring, for dairy cows. It was not necessary for the defendants to say they warranted the cows, to make them liable for a warranty on them. Corson's assertion that the cows "were all coming in in good season in the spring, but one," was positive and unequivocal. The plaintiffs had the right to rely on it as the absolute assertion of a fact, and not the mere expression of an opinion.

The authorities are numerous that such an assertion may be held by a jury to constitute a warranty. It was held in *Whitney* v. *Sutton*, (10 *Wend.* 411,) that in an action for a breach of warranty in the exchange of horses, to support the allegation of a warranty, it is not necessary that the word warrant should have been used; and whether what was said amounted to a representation of soundness, or to a mere expression of an opinion, belongs to the jury to determine. It was determined in *Cook* v. *Moseley*, (13 *Wend.* 277,) that an affirmation that a horse is not lame, accompanied by the declaration of the owner that he would not be afraid to warrant him, is enough to establish a warranty.

The decision in *Rogers* v. *Ackerman*, (22 *Barb.* 134,)

Richardson *v.* Mason.

shows that the rulings of the county court in this case were correct on the question of warranty. The rule on the subject is clearly illustrated in *Cowen's Treatise, second edition, vol.* 1, *page* 313.

The warranty was in the present tense, viz., that the cows, except one, were with calf, and became so at times proper for them to come in in good season the following spring.

A breach of the warranty was clearly proved; also the amount of damages the plaintiffs recovered.

The question now presented, that the action was commenced before the time arrived at which the defendants warranted the cows would have calves, was not raised at the trial. But if it had been raised there, it would have been unavailable to the defendants; for the reason, that if the cows were not with calf when the plaintiffs purchased them, the warranty was broken at the time the action was commenced. The time the cows were to have calves, according to the warranty, had passed, at the time of the trial in the county court, so there was no difficulty then in clearly establishing the alleged breach of the warranty.

The plaintiffs sold some of the cows to one Purdy, who testified as a witness for them. On his cross-examination by the defendants' counsel, he stated that the plaintiffs warranted the cows to him for four weeks. The defendants' counsel then put this question to Purdy, viz: "Are we to understand by the warranty made to you by the plaintiffs on the sale of these cows, that if they appeared to be with calf by not being a bulling within four weeks, that was to be an end of the warranty?" To this question the plaintiffs' counsel objected, on the ground that the witness had stated what the warranty was, and that the witness should give the facts and not his opinion, and the testimony was incompetent. The court sustained the objection, and the defendants' counsel excepted. This ruling was correct, for the reasons stated in the objection

to the question. And it was also correct, for the reason that the evidence sought by the question was immaterial to the issue in the case.

The defendants' counsel requested the court to charge the jury, that so far as it appears to the jury that any of these cows in controversy were sold by the plaintiffs to third persons, warranted only for four weeks or any other limited time, and there was no breach of warranty within that time, the plaintiffs could not recover for them in this action though such cows ultimately did not come in. But the court refused so to charge, and the defendants' counsel excepted.

This request was properly refused. If the plaintiffs had sold all the cows immediately after they purchased them, and had made precisely such a warranty respecting their being with calf and coming in, as the defendants made when they sold them to the plaintiffs, and the purchasers from the plaintiffs had released the plaintiffs from all liability on their warranty, such facts would not have affected the defendants' liability on their warranty to the plaintiffs. The plaintiffs were entitled to recover the difference between the value of the cows, if they had been in the condition the defendants warranted they were, and their value in the condition they in fact were, at the time the plaintiffs purchased them. If the court had adopted the defendants' request they would have avoided paying damages in part for a breach of their warranty, because the plaintiffs had not been held liable for warranting the cows to be with calf when they sold them. For any thing that the case shows, the plaintiffs might have sold the cows for a less price on a warranty that it would not appear they were not with calf " for four weeks," than they would if they had warranted them in the manner and to the extent the defendants warranted them to the plaintiffs.

It is clear the plaintiffs were entitled to the full benefit of the defendants' contract of warranty of the cows.

The defendants offered to prove that one Mosely was interested in the cows, or cause of action, at the time the action was commenced. This offer was properly rejected, on the ground that such a defense was not set up in the answer.

The foregoing views dispose of all the questions in the case raised by the defendants' counsel in this court.

It follows that no error was committed on the trial in the county court, and that the judgment of that court should be affirmed, with costs.

So decided.

[BROOME GENERAL TERM, November 17, 1868. *Balcom, Boardman, Parker* and *Murray,* Justices.]