MARK C. KILSBY, Respondent, *v.* EDMUND DE FOREST, Appellant.

*Statement that certain cows sold were " coming in " — the question of intent to warrant that they would " come in" is one of fact for the jury.*

The question whether a statement, made by the vendor of a number of cows to the vendee thereof at the time of the sale, that the cows were " coming in " at a certain time was a warranty that they would actually " come in" at the time stated or was a statement that they had all been bred to " come in " at such time is one of intent, and a decision by a jury that it constituted a warranty that they would actually " come in " will not be reversed.

KELLOGG, J., dissented.

APPEAL by the defendant, Edmund De Forest, from a judgment of the County Court of Otsego county, entered in the office of the clerk of the county of Otsego on the 13th day of November, 1901, affirming a judgment rendered by a justice of the peace.

This action was commenced in Justice's Court to recover damages for a breach of warranty in the sale of three cows to the plaintiff

by the defendant. The case was tried before a jury, resulting in a judgment for the plaintiff, from which judgment the defendant appealed to the County Court. The County Court affirmed such judgment, with costs, and from the judgment of affirmance this appeal is taken.

*Jerome S. Seacord*, for the appellant.

*C. C. Flaesch*, for the respondent.

PARKER, P. J.:

The verdict in this case having been for the plaintiff, we must assume that the statement made by the defendant as to the cows coming in was as testified to by the plaintiff; and such statement is not to be modified by anything which the defendant testified he then said, because, although the plaintiff was not recalled to deny it, the defendant's narrative of the transaction is wholly inconsistent with that of the plaintiff. The defendant claims that there was an exchange of heifers for a cow and money, and that there were several interviews. The plaintiff claims but one transaction — the purchase of three *cows* for thirty-five dollars each. They hardly seem to be referring to the same transaction.

The question presented is whether, on the plaintiff's statement of what was said, the defendant should be held liable for a breach of warranty. According to such statement the defendant answered, in reply to the inquiry: When are they coming in ? " They (are) coming in in February or March next." The breach shown is that two of them did not come in, and the other lost her calf. I understand from that evidence that two were farrow cows and only one was with calf at the time of the purchase. The important inquiry is: What was the meaning, or understanding of the parties, of the language, " They (are) coming in in February or March next ? " Was it given and received as a guaranty that they would then come in, or was it understood by both to be no more than a statement that they had all been bred to so come in ? If the latter meaning be given it, then the mere fact that the cows did not come in would show no breach, and no recovery could be had. If it is to be given the former meaning, then a breach is shown as to two of them at least. A distinct statement that cows will come in at a future time speci-

fied may amount to a warranty (*Richardson* v. *Mason*, 53 Barb. 601), but, of course, it must be so intended and understood by the parties. Personally, I would understand a conversation such as narrated by the plaintiff to be intended as a warranty that the cows had been bred to so come in, rather than an undertaking that they were then with calf and would surely come in at the time stated, but the question has been presented to a jury, who are presumably familiar with this subject, and they having passed upon the question adversely to the defendant, we cannot reverse their conclusion. That is, we cannot say, as matter of law, that the intent and understanding of the parties was the other way. The language used is susceptible of the meaning insisted upon by the plaintiff. This claim is also somewhat strengthened by the testimony that the defendant himself seems to have so interpreted its meaning when he stated to the witness Harris that he expected to have to pay some damages to the plaintiff because he had sold some cows to the plaintiff " that were to come in."

Upon the whole evidence, I am of the opinion that the verdict of the jury must stand and the judgment be affirmed.

All concurred, except KELLOGG, J., dissenting.

Judgment affirmed, with costs.