## KILSBY v. DE FOREST.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. SALE—WARRANTY—FINDING OF JURY.

A verdict for plaintiff in an action for a breach of warranty in the sale of cows is sustained by evidence of a statement by the seller that they were coming in in designated months, which was understood by both parties to be a warranty that the cows were with calf and would come in at the time stated, and which did not prove true, and will not be disturbed on appeal where the seller also stated to a third person that he expected to pay damages to plaintiff for having sold him cows that "were to come in."

Kellogg, J., dissenting.

Appeal from Otsego county court.

Action by Mark C. Kilsby against Edmund De Forest to recover damages for a breach of warranty in the sale of three cows to plaintiff by defendant. From a judgment of the county court affirming a judgment in justice's court in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Jerome S. Seacord, for appellant.
C. C. Flaesch, for respondent.

PARKER, P. J. The verdict in this case having been for the plaintiff, we must assume that the statement made by the defendant as to the cows' coming in was as testified to by the plaintiff; and such statement is not to be modified by anything which the defendant testified he then said, because, although the plaintiff was not recalled to deny it, the defendant's narrative of the transaction is wholly inconsistent with that of the plaintiff. The defendant claims that there was an exchange of heifers for a cow and money, and that there were several interviews. The plaintiff claims but one transaction,—the purchase of three cows for $35 each. They hardly seem to be referring to the same transaction. The question presented is whether, on the plaintiff's statement of what was said, the defendant should be held liable for a breach of warranty. According to such statement, the defendant answered, in reply to the inquiry, "When are they coming in?" "They are coming in in February or March next." The breach shown is that two of them did not come in, and the other lost her calf. I understand from that evidence that two were farrow cows and only one with calf at the time of the purchase. The important inquiry is, what was the meaning or understanding of the parties of the language, "They are coming in in February or March next?" Was it given and received as a guaranty that they would then come in, or was it understood by both to be no more than a statement that they had all been bred to so come in? If the latter meaning be given it, then the mere fact that the cows did not come in would show no breach, and no recovery could be had. If it is to be given the former meaning, then a breach is shown as to two of them, at least. A distinct statement that cows will come in at a future time specified may amount to a warranty.

Richardson v. Mason, 53 Barb. 601. But, of course, it must be so intended and understood by the parties. Personally, I would understand a conversation such as narrated by the plaintiff to be intended as a warranty that the cows had been bred to so come in, rather than an undertaking that they were then with calf and would surely come in at the time stated; but the question has been presented to a jury, who are presumably familiar with this subject, and, they having passed upon the question adversely to the defendant, we cannot reverse their conclusion. That is, we cannot say, as matter of law, that the intent and understanding of the parties was the other way. The language used is susceptible of the meaning insisted upon by the plaintiff. This claim is also somewhat strengthened by the testimony that the defendant himself seems to have so interpreted its meaning when he stated to the witness Harris that he expected to have to pay some damages to the plaintiff because he had sold some cows to the plaintiff "that were to come in." Upon the whole evidence I am of the opinion that the verdict of the jury must stand, and the judgment be affirmed.

Judgment affirmed, with costs. All concur, except KELLOGG, J., dissenting.